NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7089

ORVILLE S. RAYBURN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Orville S. Rayburn, of Ellsinore, Missouri, pro se.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7089

ORVILLE S. RAYBURN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in 06-0913, Judge Alan G. Lance, Sr.

_____

DECIDED:  January 7, 2009

_____

Before NEWMAN, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Orville S. Rayburn petitions for review of a decision of the Court of Appeals for

Veterans Claims ("the Veterans Court"), in which that court affirmed the denial of Mr.

Rayburn's claim that his disability rating should be increased.  We <u>dismiss</u> the appeal

for lack of appellate jurisdiction.

BACKGROUND

Mr. Rayburn was in active military service for a period of two weeks, from February 27, 1994, until March 12, 1994. During that period, he sustained an injury to his shoulder. He later filed a claim with a regional office of the Department of Veterans Affairs seeking benefits for a disability stemming from his shoulder injury. The regional office granted service connection for the injury and assigned Mr. Rayburn a 10 percent disability rating. Mr. Rayburn, however, disagreed with that rating. After two subsequent evaluations in March and September 2000, the regional office increased Mr. Rayburn's disability rating to 30 percent. The regional office adhered to that rating level following another evaluation in May 2002.

In 2003, Mr. Rayburn filed a Notice of Disagreement with the regional office's decision, complaining that the aspect of his injury associated with his trapezius muscle had improperly been ruled noncompensable. Following another evaluation in January 2004, the regional office adhered to its position that Mr. Rayburn's trapezius muscle injury was noncompensable. On appeal, the Board of Veterans' Appeals remanded the claim to the regional office, directing the regional office to determine the extent of Mr. Rayburn's disability that was associated with the left trapezius muscle. Following a further evaluation in August 2005, the regional office did not alter its rating decision. The Board of Veterans' Appeals then affirmed the determination that the injury to Mr. Rayburn's left trapezius muscle was noncompensable. The Board explained that "[t]he veteran's left trapezius muscle scar . . . does not affect function of the shoulder in any way distinct from the service connected left shoulder impingement syndrome which has been assigned a separate 30 percent evaluation."

In reaching that conclusion, the Board first noted that Mr. Rayburn's injury had resulted in "weakness on function and use of the left upper extremity and left shoulder" as well as "restrictions of range of motion and strength." The Board then addressed whether any impairment caused by the injury to his trapezius muscle was distinguishable from the impairment caused by his shoulder injury. After considering the relationship between the injury to his shoulder and the injury to his left trapezius muscle, the Board concluded that the disability attributable to his service-connected left trapezius muscle injury was not shown to involve any impairment not already associated with the separate service-connected shoulder injury.

The Veterans Court affirmed. The court found no clear error in the Board's conclusion that "the appellant's disability regarding his service-connected left trapezius muscle scar does not involve any impairment not already accounted for by his service-connected impingement syndrome." Mr. Rayburn now appeals to this court, claiming that the problems associated with the injury to his left trapezius muscle "are not covered within the rating of the shoulder" and that an additional evaluation is needed to assess his claim.

DISCUSSION

Our jurisdiction over claims appealed from the Veterans Court is limited. The statute granting us jurisdiction prohibits us from reviewing a challenge to a factual determination as well as a challenge to a law or regulation as applied to the facts of a particular case. See 38 U.S.C. § 7292. Instead, this court may decide only questions related to the validity or interpretation of a statute or regulation. See McGee v. Peake, 511 F.3d 1352, 1355 (Fed. Cir. 2008). Mr. Rayburn does not allege that the Veterans

Court has misinterpreted the law and thus raises no issue that gives this court jurisdiction over his claim.

Mr. Rayburn's argument is that he suffers from a disability associated with an injury to his left trapezius muscle and not with the separately compensable injury to his shoulder. The government responds by reference to 38 C.F.R. § 4.14, the regulation that governs the evaluation of the same disability under various diagnoses. Under that regulation, according to the government, the Board correctly held that a compensable rating could not be assigned based on functional loss due to pain from the trapezius muscle injury, because that loss was already covered by the separate rating for shoulder impingement syndrome. The degree to which Mr. Rayburn's disability is associated with either underlying injury is a factual inquiry, which we are not permitted to review. Moreover, the conclusion that the two injuries are indistinguishable with respect to their effect on Mr. Rayburn's disability results from the application of the governing regulation to the facts of this case, an application of law to fact that we are not permitted to review.

Mr. Rayburn also suggests that he should be provided with another medical evaluation to assess his claim. Determining whether previous examinations are adequate is a question of fact that falls outside this court's jurisdiction. See Waltzer v. Nicholson, 447 F.3d 1378, 1380 (Fed. Cir. 2006). Because Mr. Rayburn presents no legal issue that this court has jurisdiction to review, we dismiss the appeal.

No costs.