NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7025

ROSE P. ROLLING,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Joseph P. Hrutka, McGinn IP Law Group, of Vienna, Virginia, argued for claimant-appellant.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Jeanne E. Davidson, Director, Kirk T. Manhardt, Assistant Director, and Tara K. Hogan, Trial Attorney. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2008-7025

ROSE P. ROLLING,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1268, Judge William A. Moorman.

_____

DECIDED: January 12, 2009

_____

Before NEWMAN and MOORE, <u>Circuit Judges</u>, and GETTLEMAN, <u>District Judge</u>[*]

PER CURIAM.

Rose P. Rolling appeals the decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial by the Board of Veterans' Appeals of her claim for service connection for her deceased husband's pancreatic cancer. <u>Rolling v. Nicholson</u>, No. 05-1268, 2007 WL 4967080 (Vet. App. Aug. 29, 2007). Mrs. Rolling argues that the Veterans Court either erred in interpreting the law, or abused its discretion, in failing to

_____

[*]        Honorable Robert W. Gettleman, United States District Court for the Northern District of Illinois, sitting by designation.

require that the Secretary of Veterans Affairs fully comply with an earlier remand order issued by the Board requiring further development of her case. The Veterans Court had concluded that the Secretary, acting through a medical examiner, had substantially complied with the remand order. Id. at *6. We have carefully considered Mrs. Rolling's arguments and conclude that her appeal essentially seeks our review of a factual matter. The adequacy of the VA's compliance with a Board remand order for further medical examination is a factual matter and outside our statutory jurisdiction as provided by 38 U.S.C. §7292(a), (d)(2). Dyment v. Principi, 287 F.3d 1377, 1381 (Fed. Cir. 2002) (finding no jurisdiction to address claimant's argument that a VA medical specialist failed to comply with a Board remand order because the argument constituted a challenge to the Veterans Court's decision on factual matter).[1]

The appeal is dismissed for lack of jurisdiction.

---

[1] While this court's Dyment decision preceded an amendment to the jurisdictional statute 38 U.S.C. §7292(a) enacted December 6, 2002, see Veterans Benefits Act of 2002, Pub. L. No. 107-330, tit. IV, §402(a), 116 Stat. 2832, that amendment did not alter the exclusion of factual matters from this court's review.