NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KIERON V. PATHAK,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7029

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-788, Judge Alan G. Lance, Sr.

---

Decided: March 10, 2011

---

KIERON V. PATHAK, of Jacksonville, Florida, pro se.

NICHOLAS JABBOUR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before BRYSON, MAYER, and DYK, *Circuit Judges*.

PER CURIAM.

## DECISION

Kieron Pathak seeks review of a decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), which affirmed a decision by the Board of Veterans' Appeals holding that he was not entitled to an earlier effective date for a grant of service connection for Crohn's disease. We affirm.

## BACKGROUND

Mr. Pathak served on active duty in the U.S. Navy between 1976 and 1981. In 1984, he was granted service connection for hemorrhoids. In 1987, he submitted a claim for an increased rating for hemorrhoids, which was denied. Mr. Pathak was diagnosed with Crohn's disease by a private physician in 1992. In 2003, the Department of Veterans Affairs ("DVA") granted him service connection for Crohn's disease and increased his combined disability rating. The increase was made effective as of 2003.

Mr. Pathak filed a Notice of Disagreement, arguing that the effective date of his service connection for Crohn's disease should be 1987. The Board denied his claim. After examining the record, the Board found that Mr. Pathak had not filed a formal or informal claim to

service connection for Crohn's disease prior to 2003. The Board then construed Mr. Pathak's Notice of Disagreement as an allegation of clear and unmistakable error ("CUE") in the regional office's 1987 decision for its alleged failure to identify the symptoms of Crohn's disease. The Board referred that issue to the regional office for consideration. The regional office subsequently denied the claim for an earlier effective date, and the Board, after analyzing the 1987 rating decision, found no manifest error that would justify a CUE-based collateral attack. The Veterans Court affirmed.

## DISCUSSION

This court has jurisdiction to review decisions by the Veterans Court with respect to a "challenge to the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). We lack jurisdiction to review factual determinations or the application of law to fact, except to the extent that a veteran's appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Mr. Pathak raises two points on appeal. First, he argues that the 1987 rating decision contains CUE. Second, he argues that the Veterans Court did not properly interpret the "benefit of the doubt" rule. We address each in turn.

1. With respect to the CUE claim, 38 U.S.C. § 5109A authorizes the Secretary to revise an earlier, final decision if the decision is the product of a clear and unmistakable error. In order to satisfy that statutory standard, the error must (1) be in the record as it existed when the original rating decision was made, and (2) be outcome determinative. *See Cook v. Principi*, 318 F.3d 1334, 1346 (Fed. Cir. 2002) (en banc).

Addressing the first requirement, the Veterans Court determined that Mr. Pathak's receipt of service connection for Crohn's disease in 2003 did not indicate that the 1987 rating decision was the product of a manifest error, as the 1992 diagnosis of Crohn's disease was not before the regional office in 1987. For the same reason, Mr. Pathak's challenge to the adequacy of his 1981 discharge physical examination does not support his claim that the regional office's failure to grant service connection for Crohn's disease in 1987 is the product of CUE. Because the Secretary must determine whether CUE occurred based on the record before the regional office at the time the rating decision was made, the Veterans Court properly recognized that any allegation that the 1981 physical examination was inadequate cannot support a CUE claim. And we lack jurisdiction to review Mr. Pathak's fact-based assertions that his 1981 medical examination contained medical errors and other deficiencies. 38 U.S.C. § 7292(c).

To the extent that the error Mr. Pathak asserts is a breach of the Secretary's duty to assist, the Veterans Court correctly held that an allegation that the agency breached its statutory duty to assist the veteran to develop his claim cannot constitute CUE. Our *en banc* decision in *Cook* explained that a breach of that duty does not constitute CUE because the breach results in an incomplete record, not an erroneous record. 318 F.3d at 1344.

2. As to the "benefit of the doubt" rule, the Veterans Court held that rule inapplicable to Mr. Pathak's claim that the 1987 rating decision contains CUE. The "benefit of the doubt" rule, codified at 38 U.S.C. § 5107(b) and implemented by the Secretary at 38 C.F.R. § 3.102, requires that any reasonable doubt as to service connection, degree of disability, or any other point be resolved in favor

of the veteran. The rule is triggered when the evidence is balanced equally in favor of and against the veteran's claim. *See Fagan v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009). Here, neither the Board nor the regional office weighed any facts or decided any factual questions against Mr. Pathak. The Board, affirmed by the Veterans Court, determined that a veteran's CUE claim is to be analyzed on the record that was before the regional office at the time the rating decision was made. The "benefit of the doubt" rule therefore does not apply. We therefore uphold the Veterans Court's decision denying Mr. Pathak's claim to an earlier effective date for his service connected condition.

No costs.

**AFFIRMED**