NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY R. FORSTER-JONES,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7020

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-3954, Judge Robert N. Davis.

---

Decided: May 10, 2012

---

MARY R. FOSTER-JONES, of Jacksonville, Alabama, pro se.

ALEX P. HONTOS, Trial Attorney, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of

counsel on the brief DAVID J. BARRANS, Deputy Assistant
General Counsel, and TRACEY P. WARREN, Attorney,
United States Department of Veterans Affairs, of Washington, DC.

————————————

Before PROST, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Mary R. Forster-Jones appeals the U.S. Court of Appeals for Veterans Claims's (the "Veterans Court") decision affirming the Board of Veterans' Appeals's (the "Board") denial of her claim for service connection for her late husband's bladder cancer. Because Ms. Forster-Jones asks this court to review only issues of fact, we *dismiss* her appeal as outside the scope of our jurisdiction.

Ms. Forster-Jones's husband, Gene E. Forster, served on active duty from December 1941 to July 1945 and from March 1948 to January 1969. Mr. Forster's decorations included the Combat Infantryman Badge and the Bronze Star. Because his service included a tour in Vietnam, the Board recognized that Mr. Forster was presumptively exposed to Agent Orange. Mr. Forster contracted malaria in 1945 and was granted a ten-percent rating for that ailment. In November 1991, Mr. Forster received a diagnosis of bladder cancer and died from that ailment the following month.

As Mr. Forster's surviving spouse, Ms. Forster-Jones filed a claim for service connection for Mr. Forster's bladder cancer and a claim for dependants' education assistance. To prove inception of the bladder cancer while her husband was in service, Ms. Forster-Jones proffered an opinion from a private physician, who stated that "[Mr. Forster's] exposure to Agent Orange was a contributing factor to his bladder cancer." A regional office ("RO") of

the Department of Veterans Affairs ("VA") denied the claims.

Ms. Forster-Jones appealed to the Board, which found that the RO had inadequately considered the private medical opinion. Accordingly, the Board remanded the case and ordered a VA medical opinion, instructing the VA medical examiner to "provide an opinion as to whether it is at least as likely as not that the veteran's bladder cancer was related to exposure to Agent Orange during service, or any other disease, including malaria, event, or exposure during, military service." The Board further stated that "the examiner must specifically address the private medical opinion . . . [and a] complete rationale must be provided for all opinions."

On remand, the VA medical examiner opined that it was less likely as not that Mr. Forster's bladder cancer resulted from Agent Orange, malaria, or any other service exposures. The VA medical examiner explained that there was no positive relationship or increased risk of bladder cancer associated with Agent Orange or malaria, and noted that Mr. Forster engaged in the primary risk factor for bladder cancer: tobacco usage. When the case returned to the Board, the Board credited the VA medical examiner's opinion over that of the private physician. Finding that the preponderance of the evidence failed to demonstrate service connection, the Board denied the claims.

Ms. Forster-Jones appealed to the Veterans Court, where she made two principal arguments. First, she argued that the Board erred by relying on the VA medical examiner's report because the examiner provided an insufficient rationale for his conclusion. Specifically, she argued that the examiner failed to address whether the time lag between exposure to Agent Orange and the

development of bladder cancer was consistent with the amount of time generally noted for bladder cancer. The Veterans Court disagreed, finding that the Board did not clearly err because, as the examiner opined, studies reveal no positive link between Agent Orange and bladder cancer in the first instance. Second, Ms. Forster-Jones argued that the Board failed to ensure compliance with its own remand order, because, contrary to the Board's order, the VA medical examiner failed to "specifically allude to" the private medical opinion in his own opinion. The Veterans Court rejected this argument, finding that the examiner substantially complied with the order. The Veterans Court found that the private physician's opinion itself was conclusory and lacked any reasoning. According to the Veterans Court, the VA medical examiner "addressed this opinion when he refuted its only conclusion" and was not required to address the reasoning of that opinion because "there was none." For these reasons, the Veterans Court affirmed the Board's decision.

On appeal to this court, Ms. Forster-Jones requests that we "[r]econsider the denial of service connected death of the veteran." Because Ms. Forster-Jones is pursuing her appeal pro se, we construe her appeal liberally and assume that she is claiming that the Veterans Court erred in rejecting both of the arguments she presented to that court. While Ms. Forster-Jones does not provide any argument to support her appeal here, we assume that she intends to rely on the same arguments she made below.

We lack jurisdiction, however, to review the Veterans Court's rejection of those arguments. Our review of Veterans Court decisions is limited to deciding questions of law. 38 U.S.C. § 7292(d)(1); *Bingham v. Nicholson*, 421 F.3d 1346, 1348 (Fed. Cir. 2005). The arguments that Ms. Forster-Jones presented to the Veterans Court, and presumably requests that this court review, require the

review of factual issues, which is outside our jurisdiction. *Id.*

Ms. Forster-Jones's first argument—that the Board erred by relying on the allegedly incomplete VA medical examination report—raises a factual issue that we lack jurisdiction to review. In claiming that the VA medical examiner failed to consider the lag time between the exposure to Agent Orange and the manifestation of bladder cancer, Ms. Forster-Jones raised a fact-based challenge to the expert's opinion. The Veterans Court found that the opinion was reliable and that it weakened Ms. Forster-Jones's claim that the bladder cancer originated in service. The Veterans Court's consideration of a medical opinion in this context is a factual issue outside the scope of our review. *See Pathak v. Shinseki*, 412 F. App'x 301, 303-04 (Fed. Cir. 2011) (noting that this court lacks jurisdiction to review fact-based assertions of medical errors in examinations); *Rayburn v. Peake*, 306 F. App'x 580, 582 (Fed. Cir. 2009) (holding that the determination of whether an examination is adequate is a question of fact outside this court's jurisdiction).

Ms. Forster-Jones's second argument—that the Board failed to ensure compliance with its own remand order—also is a factual issue that we lack jurisdiction to review. To determine whether the VA medical examiner complied with the Board's order, the Veterans Court was required to engage in a factual analysis: by comparing the private medical opinion with the VA medical examiner's report and assessing whether the VA report addressed the content of the private medical opinion. This factual analysis is outside the scope of our review. *See Rolling v. Peake*, 306 F. App'x 601 (Fed. Cir. 2009) (holding that the adequacy of the VA's compliance with an order for further medical examination is an issue outside the scope of our review); *Chest v. Peake*, 283 F. App'x 814, 817 (Fed. Cir.

2008) ("The substantive question at issue in [the] appeal—whether or not the remand order was substantially fulfilled—is not a question that can be reviewed without our examining the Veterans Court's application of law to fact, a task that we are prohibited from undertaking."); *Dyment v. Principi*, 287 F.3d 1377, 1381 (Fed. Cir. 2002) (holding that the claimant's disagreement with whether a medical expert substantially complied with the Board's remand order was a factual matter outside the scope of this court's review).

Finally, we note that Ms. Forster-Jones did not assert any error in the Board's decision with respect to her education assistance claim before the Veterans Court. Accordingly, we do not consider that issue here.

Because we discern nothing to review in Ms. Forster-Jones's appeal other than factual issues, we must *dismiss* her appeal as outside the scope of our jurisdiction.

### DISMISSED

COSTS

Each party shall bear its own costs.