NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7281

DEREK K. RIVERS,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Derek Rivers, of Inglewood, California, pro se.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent appellee.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7281

DEREK RIVERS,

Claimant-Appellant,

v.

GORDON H. MANSFIELD,
Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: December 6, 2007

_____

Before SCHALL and MOORE, <u>Circuit Judges</u>, and MORAN, <u>District Judge</u>.[*]

PER CURIAM.

DECISION

Derek Rivers appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his motion for revision of an April 2003 Board decision on the basis of clear and unmistakable error ("CUE"). <u>Rivers v. Nicholson</u>, No. 04-1633 (Vet. App. July 3,

---

[*]     Honorable James B. Moran, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

2007) ("CUE Appeal").  Because this appeal involves issues that fall outside the scope of our jurisdiction, we dismiss.

## DISCUSSION

### I.

Mr. Rivers served on active duty in the U.S. Marine Corps from November 1974 to June 1977.  In May 1994, a VA Regional Office ("RO") granted Mr. Rivers service connection for bilateral chondromalacia patella[1] and assigned to the condition a noncompensable rating.  After subsequent medical examinations, however, the RO increased the disability rating for each knee to 10% effective August 5, 1991 – the date of the original claim.  Following the RO's decision, Mr. Rivers appealed to the Board, claiming that his condition should be assigned a rating in excess of 10%.  In December 1996, the Board denied the claim, affirming the RO's rating of 10%.  Mr. Rivers appealed the Board's decision to the Veterans Court, which found the VA medical examinations to date insufficient to evaluate the extent of Mr. Rivers' injuries.  The court therefore vacated the Board's decision and remanded the case for further medical evaluation of Mr. Rivers' condition.

Mr. Rivers subsequently underwent knee examinations in October 1998, February 1999, and January 2002.  In August 2002, and on reconsideration in April 2003, the Board again denied his claim that he was entitled to a disability rating in excess of 10% for each knee.  Subsequently, Mr. Rivers filed a motion for revision alleging CUE in the April 2003 Board decision.  Among other things, Mr. Rivers argued that the Board did not consider certain of his medical records from 1998 – which noted

---

[1]     Chondromalacia of the left and right knees.

2007-7281                            2

limited knee flexibility, pain, and "ankylosis" of both knees – because those records were not in his file. Mr. Rivers alleged that his claim should have been evaluated under 38 C.F.R. § 4.71a, diagnostic code 5256 ("Knee, ankylosis of"), which corresponds to a higher disability rating.

On July 15, 2004, the Board issued a decision that found no CUE in its prior April 2003 decision. In re Rivers, No. 03-13 470 (Bd. Vet. App. July 15, 2004). The Board explained that it had, in fact, considered the 1998 medical records in denying Mr. Rivers' claim, but that it had discounted the probative value of those records in light of other, more credible evidence. Id., slip op. at 24. The Board noted that its prior decision "clearly explained the basis for its conclusion that the [1998 medical records] showed findings extremely out of proportion to objective evaluations over many years, including contemporaneous reports." Id. With regard to the merits of Mr. Rivers' claim, the Board concluded that the weight of the evidence did not support a finding that Mr. Rivers suffered from ankylosis of either knee. Id., slip op. at 25. Having found no CUE, the Board denied the motion for revision of its prior April 2003 decision.

Mr. Rivers appealed to the Veterans Court, which affirmed. The court agreed with the Board's conclusion that the April 2003 decision considered the 1998 medical records, as the decision "expressly referred to those documents." CUE Appeal at 3-4. With respect to the probative value of those records, the court noted that "the April 2003 Board decision considered the contemporaneous examinations and Mr. Rivers's demeanor and afforded minimal weight to those documents." Id. at 4. The court found that Mr. Rivers' disagreement with how the facts in his case were weighed or evaluated "cannot constitute CUE." Id.

II.

Congress has limited our jurisdiction over a decision of the Veterans Court to those appeals that challenge the validity of any statute or regulation (or interpretations thereof) and appeals that raise any constitutional controversies. See 38 U.S.C. § 7292(a). Our jurisdiction does not extend to appeals objecting to factual determinations or to the law as applied to the facts of a particular case, unless there is a constitutional issue present. See 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Rivers argues that the Board committed CUE in failing to classify his condition under diagnostic code 5256 for "ankylosis" of the left and right knees, as indicated in his 1998 medical records. The decision to classify a veteran's condition under any particular diagnostic code, however, is a question of fact beyond the reach of our jurisdiction. We note that, in his reply brief, Mr. Rivers' appears to argue that the Board committed CUE by failing to consider his 1998 medical records. To the extent that Mr. Rivers' appeal raises that issue, it too is a question of fact. Below, the Board and Veterans Court both reviewed the April 2003 decision and concluded that the decision did, in fact, consider the 1998 medical records in rejecting Mr. Rivers' claim. There is no jurisdictional basis for our review of that determination. Because none of Mr. Rivers' claims fall within our jurisdiction,[2] we dismiss.

---

[2] In his reply brief, Mr. Rivers argues that he has been denied "due process of law" because the Board and Veterans Court "misunderstood the issue." This case, however, does not present any constitutional concerns. In any event, it is clear that neither the Board nor the Veterans Court misunderstood the issues before it.