NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD L. SUDRANSKI,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7066

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2374, Judge William A. Moorman.

---

Decided: June 2, 2011

---

RICHARD L. SUDRANSKI, of Roanoke, Virginia, pro se.

KENT C. KIFFNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN

J. GILLINGHAM, Assistant Director. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before BRYSON, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

## DECISION

Richard L. Sudranski filed a claim contending that the Secretary of Veterans Affairs committed clear and unmistakable error in a 1986 rating decision. That claim was denied by the Board of Veterans' Appeals, and the Board's decision was affirmed by the United States Court of Appeals for Veterans Claims ("the Veterans Court"). Mr. Sudranski has appealed to this court. We affirm.

## BACKGROUND

Mr. Sudranski served on active duty in the U.S. Navy from 1969 to 1971. He filed a claim for "nerves" in 1977. When that claim was denied in 1978, he filed a Notice of Disagreement ("NOD"). In 1982 the Board granted Mr. Sudranski service connection for an acquired psychiatric disorder. The regional office subsequently assigned him a 10% rating for agitated depression with paranoid ideation, effective from 1977; it designated his disability as falling under diagnostic code 9499-9405. The regional office also assigned him a 30% rating for a non-service-connected ineffectual or avoidant personality.

Mr. Sudranski appealed the service-connected rating to the Board. In January 1986, the Board awarded him a 50% rating for paranoid schizophrenia under diagnostic

code 9203. When evaluating his appeal, the Board did not apply 38 C.F.R. § 4.127 (1986). That regulation provided that although the rating schedule does not recognize personality disorders as disabilities, it does recognize "properly diagnosed superimposed psychotic reactions developing after enlistment," including "personality disorder with psychotic reaction." The Board also did not evaluate his eligibility for total disability based on individual unemployability ("TDIU") or a total disability rating for pension purposes, because those issues had not been properly certified for appeal. The Board therefore referred those issues to the regional office.

The regional office promptly implemented the Board's decision in January 1986 by awarding Mr. Sudranski a 50% service-connected disability rating, but it again designated his disability as falling within non-psychotic diagnostic code 9499-9405 for agitated depression with paranoid ideation. Mr. Sudranski did not appeal that January 1986 rating decision, and it became final.

In the January 1986 rating decision, the regional office also considered Mr. Sudranski's eligibility for a total disability rating. It denied his claim for TDIU because his service-connected disability was rated at only 50%, which is below the 60% threshold for TDIU based on a single disability. However, it rated him as permanently and totally disabled for pension purposes based on his service-connected disability rating of 50% and his non-service-connected disability rating of 30%.

Mr. Sudranski appealed the TDIU determination to the Board and also sought an increased rating for service-connected disability based on new evidence. In 1990, the Board increased his service-connected disability for paranoia to 100%. That rating decision was made effec-

tive only from 1986 because the previous Board decision granting a 50% rating had become final. Because the 100% rating exceeded the TDIU threshold for a single service-connected disability, the Board also awarded Mr. Sudranski a TDIU rating as of 1986.

In February 2002, Mr. Sudranski filed a claim with the regional office alleging that there was clear and unmistakable error ("CUE") in the January 1986 regional office rating decision. The regional office interpreted that CUE claim in part to allege CUE in the earlier January 1986 Board decision, and it referred that portion of the claim to the Board. The regional office retained the portion of Mr. Sudranski's claim alleging CUE in the regional office's January 1986 decision.

In June 2003, Mr. Sudranski submitted a letter to the Board stating that he was not claiming CUE in the January 1986 Board decision. The Board treated that letter as a withdrawal of his CUE claim. Accordingly, in April 2004, the Board dismissed his CUE claim without prejudice. Mr. Sudranski filed a motion to reconsider the Board's dismissal order, but the Board denied that motion in December 2004.

In July 2004, the regional office rejected Mr. Sudranski's claim that it committed CUE in its January 1986 decision that awarded him a 50% rating based on non-psychotic diagnostic code 9499-9405 instead of psychotic diagnostic code 9203. At that time, the regional office responded to three specific allegations of error that Mr. Sudranski had made at various times in correspondence with the regional office. First, the regional office rejected his argument that the Board had granted service connection for his non-service-connected disability for ineffectual or avoidant personality rated at 30% under diagnostic

code 9499-9404. Second, the regional office rejected his argument that it had effectively severed his service connection for psychosis by assigning the wrong diagnostic code to his condition. Third, it explained that his unemployability for TDIU purposes was not established solely by his service-connected disability, a position that Mr. Sudranski took issue with based on 38 C.F.R. § 3.341(a) (1986).[1]

In 2004, Mr. Sudranski filed a detailed NOD with the regional office, seeking to appeal the denial of his CUE claim based on all three arguments he had raised with the regional office. The regional office did not issue a Statement of the Case ("SOC") for nearly a year. Mr. Sudranski petitioned the Veterans Court in 2005 for a writ of mandamus to order the regional office to issue an SOC. When the Veterans Court directed the Secretary of Veterans Affairs to respond to the petition, the Secretary responded by issuing an SOC. Mr. Sudranski objected to that SOC before the Veterans Court because it covered

---

[1]    Mr. Sudranski argued that TDIU could be established if his service-connected disabilities were "sufficient to produce unemployability," 38 C.F.R. § 3.341(a) (1986). That statement of the law is correct; it is also consistent with the legal principle applied by the regional office. The regional office did not state that his unemployability had to be based solely on his service-connected disability. Instead, it stated that "[w]hen [his] service connected disability was considered apart from [his] non-service connected disabilities [he was] not shown to be totally disabled solely due to [his] service connected disability." In other words, the regional office recognized that his service-connected disability had been evaluated as insufficient, by itself, to render him unemployable. To the extent that Mr. Sudranski takes issue with that determination, we do not address that question because it presents a factual issue that falls outside of our jurisdiction. *See* 38 U.S.C. § 7292(a), (d)(2).

only his contention that the regional office had effectively severed his service connection for psychosis by assigning the incorrect diagnostic code. The Veterans Court elected not to review Mr. Sudranski's objection to the scope of the SOC, however, stating "that matter is more appropriately raised in the administrative proceedings, and the petitioner has not demonstrated a lack of adequate alternative means to obtain the relief sought." *Sudranski v. Nicholson*, No. 05-2642, 2005 WL 4739708, at \*2 (Vet. App. Dec. 19, 2005).

Mr. Sudranski pursued his CUE claim with regard to the 1986 regional office decision based on the regional office's failure to apply the correct diagnostic code, the only ground available given the limited SOC provided by the Secretary. He continued to allege error with regard to the limited scope of that SOC before the regional office and the Board during that CUE proceeding. He also requested a Supplemental Statement of the Case ("SSOC") from the regional office and moved the Board to direct the regional office to issue an SSOC.

None of his attempts to expand the scope of the SOC or procure an SSOC was successful. Nonetheless, he continued to present arguments to the Board and the Veterans Court covering all three arguments that he had identified in his 2004 NOD. He did not directly allege CUE in the 1986 Board decision, but he indirectly challenged the Board's failure to apply 38 C.F.R. § 4.127 (1986) by arguing that the regional office should have given him a higher service rating through application of that regulation.

In 2008, the Board denied Mr. Sudranski's appeal. The Board indicated that it could not entertain any indirect challenges to the 1986 Board decision because Mr.

Sudranski had withdrawn his Board CUE claim in 2003, and the Board had dismissed that claim without prejudice.[2] As to the direct challenges to the regional office decision, the Board held that the regional office was bound by the 50% rating regardless of which diagnostic code was attached to that rating, so the outcome with respect to TDIU eligibility would not have been manifestly different, and thus the standard for showing CUE would not have been met. The Board did not address Mr. Sudranski's argument that his ineffectual or avoidant personality disorder should have been connected to his service or his argument that the regional office incorrectly evaluated his eligibility for TDIU under 38 C.F.R. § 3.341(a) (1986).

Mr. Sudranski appealed from the Board's decision to the Veterans Court. The Veterans Court held that Mr. Sudranski's arguments that had not been addressed in the 2008 Board decision were not properly before the court. Accordingly, the court did not consider his assertion that the Board committed legal error in its 1986 decision, or his arguments addressing his non-service-connected personality disorder. As to the direct challenges to the regional office decision, the court agreed with the Board that in 1986 the regional office was bound by the 50% rating and that Mr. Sudranski had failed to show that his TDIU eligibility determination would have been different if the regional office had used the proper diagnostic code.

---

[2] That dismissal without prejudice would, of course, not preclude Mr. Sudranski from filing a new claim directly alleging CUE in the 1986 Board decision.

DISCUSSION

In this court, Mr. Sudranski contends that the regional office erred in 1986 by assigning the non-psychotic diagnostic code 9499-9405 to his service-connected disability, when the Board had assigned the psychotic diagnostic code 9203 to that disability. If the regional office had assigned the psychotic diagnostic code, he argues, 38 C.F.R. § 4.127 (1986) would have required the regional office to consider both his 50% rating for service-connected psychotic disorder and his 30% rating for non-service-connected personality disorder as "a single entity." Such a single entity rating would have surpassed the 60% threshold for TDIU based on a single disability, he argues, and would have resulted in his receiving a TDIU award from 1977 to 1986.

As of 1986, section 4.127 of the VA regulations stated that "personality disorders will not be considered as disabilities under the terms of the schedule. . . . However, properly diagnosed superimposed psychotic reactions developing after enlistment, i.e., . . . personality disorder with psychotic reaction, are to be considered as disabilities analogous to, and ratable as, schizophrenic reaction, unless otherwise diagnosed." That regulation may be somewhat unclear as to whether a psychotic reaction superimposed on a personality disorder will be rated as a single entity or two separate entities if one is service-connected and the other is not. However, section 3.323 of the regulations, 38 C.F.R. § 3.323 (1986), provided that service-connected and non-service-connected disabilities will be combined only for pension purposes, and not for compensation purposes. Mr. Sudranski has therefore failed to show that he would have been eligible for a TDIU rating before 1986 even if the regional office had assigned the proper diagnostic code and his disorders had been

considered as a single entity, because one of those disor-
ders was determined to be not connected to his service.[3]
The Veterans Court did not hold differently in *Carpenter
v. Brown*, 8 Vet. App. 240, 245 (1995), on which Mr.
Sudranski relies. In that case, the court stated only that
in order to be eligible for single-entity treatment, "the
service-connected mental condition must be a psychotic
disorder." The court did not state that having a service-
connected psychotic disorder was sufficient to require that
a psychotic disorder and a separate personality disorder
be treated as a single disability for TDIU purposes.

We conclude that Mr. Sudranski did not demonstrate
legal error in the regional office's assignment of separate
ratings for his psychotic disorder and his personality
disorder. We therefore do not need to consider whether
the Secretary erred in electing not to issue a broader
SOC, because even if the Secretary had issued an SOC of
the sort that Mr. Sudranski wanted, the legal question
before us would have been the same.

Mr. Sudranski also contends that the Board erred in
1986 by not considering his employability and remanding
the issue of TDIU eligibility to the regional office. We
find no error on that ground. The 1986 Board decision
addressed only the proper rating for Mr. Sudranski's
service-connected paranoid schizophrenia. It did not
address his TDIU eligibility, because that inquiry turned
on other factors such as the existence of other service-
connected disabilities or Mr. Sudranski's eligibility for a
TDIU rating under 38 C.F.R. § 4.16(b) (1986). The 1986

---

[3] In his reply brief in this court, Mr. Sudranski ar-
gues that his non-service-connected disability should have
been treated as connected to his military service. We do
not consider that argument because it raises a factual
question that falls outside our jurisdiction.

Board decision may have resulted in the regional office's concluding that Mr. Sudranski was not eligible for TDIU before 1986, but that result was due to Mr. Sudranski's failure to show that he had another service-connected disability or that he was eligible for a TDIU rating under section 4.16(b). We therefore conclude that Mr. Sudranski has failed to point to any reversible error in the decision of the Veterans Court.

No costs.

**AFFIRMED**