NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAN E. STURDIVANT,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7001

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-1762, Chief Judge William P. Greene, Jr.

---

Decided: May 16, 2012

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

DOMENIQUE KIRCHNER, Senior Trial Counsel, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR. and ALLISON

KIDD-MILLER, Senior Trial Counsel. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and Y. KEN LEE, Attorney, United States Department of Veterans Affairs, of Washington, DC.

—————————————

Before RADER, *Chief Judge*, WALLACH, *Circuit Judge*, and FOGEL, *District Judge*[1]

RADER, *Chief Judge*.

The U.S. Court of Appeals for Veterans Claims ("Veterans Court") held that the Board of Veterans' Appeals (Board) had not erred in declining to consider Norman E. Sturdivant's entitlement to a total disability based on individual unemployability. *See Sturdivant v. Shinseki*, No. 08-1762, 2010 WL 2595179 (Vet. App. June 29, 2010). Mr. Sturdivant, whose claim was based solely on his chemical burn scars, had an express TDIU claim pending at the Department of Veterans Affairs ("VA") regional office ("RO"). Because Mr. Sturdivant's TDIU claim was not before the Board and therefore not ripe for review, this court affirms.

## I.

Mr. Sturdivant served on active duty from February 1958 to January 1961. Before 2000, Mr. Sturdivant had a service connection for an ulcer condition, tinnitus, hearing loss, and a scar on his finger, which together resulted in a forty percent disability rating. In August 2000, Mr. Sturdivant filed a claim for benefits under 38 U.S.C. § 1151, which provides compensation for certain disabilities resulting from negligent VA medical treatment. The

—————————————

[1] The Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, sitting by designation.

RO granted Mr. Sturdivant a ten percent disability rating for chemical burn scars that resulted from improper instructions for use of prescription cream for a skin condition. Mr. Sturdivant appealed the decision to the Board, seeking a higher disability rating. In November 2003, the Board remanded the chemical burn rating to the RO.

While Mr. Sturdivant's chemical burn rating was on appeal to the Board, he filed, with the assistance of counsel, a claim for increased ratings for each of his other service-connected disabilities as well as an express claim for TDIU in accordance with 38 C.F.R. § 4.16 (the "2003 TDIU claim"). In June 2004, the RO maintained Mr. Sturdivant's ratings for all of his service-connected disabilities. The RO also denied the 2003 TDIU claim because the record showed that Mr. Sturdivant was capable of a substantially gainful occupation in spite of his service connected disabilities. Further, Mr. Sturdivant's combined forty percent disability rating did not meet the minimum scheduler requirements for TDIU set forth in 38 C.F.R. § 4.16.

Mr. Sturdivant appealed the ratings and TDIU decisions to the Board. While that appeal was pending, the RO reconsidered Mr. Sturdivant's chemical burn ratings as a result of the Board's November 2003 remand. In February 2005, the RO increased Mr. Sturdivant's ten percent rating for chemical burn scars to separate ratings of ten percent each for the right and left upper and lower extremities, abdomen, and buttocks.

In March 2006, the Board remanded the 2003 TDIU claim and Mr. Sturdivant's claims for higher ratings for an ulcer condition and hearing loss to the RO for further development (the "2006 Board Remand"). In the same decision, the Board denied Mr. Sturdivant's claim for a higher rating for his chemical burn scars. Mr. Sturdivant

appealed the Board's decision on his rating for chemical burn scars to the Veterans Court. That appeal resulted in remand of the chemical burn rating decision to the RO for further development. In 2007, the RO increased Mr. Sturdivant's disability ratings for his chemical burn scars on the right and left upper extremities to twenty percent each. As a result, Mr. Sturdivant's combined rating for his chemical burns was sixty percent, and his combined rating for all his service-connected disabilities was seventy percent. Thus, for the first time, Mr. Sturdivant met the schedular requirement for consideration of TDIU under 38 U.S.C. § 4.16(a).

In a decision dated May 23, 2008, the Board denied higher ratings for Mr. Sturdivant's chemical burn scars, but did not address TDIU. On appeal, the Veterans Court affirmed, holding in relevant part that the issue of entitlement to TDIU was not before the Board in its May 23, 2008 decision. *Sturdivant*, 2010 WL 2595178, at *1. Mr. Sturdivant now appeals to this court.

While this appeal was pending, the RO issued a Supplemental Statement of the Case dated July 18, 2011 adjudicating the claims that remained pending as a result of the 2006 Board Remand. Upon consideration of all of Mr. Sturdivant's disabilities, the RO denied a rating of TDIU. Specifically, the RO found the "evidence of record does not support a conclusion [that Mr. Sturdivant is] unemployable solely due to service connected disabilities." That determination is now on appeal to the Board.

## II.

This court sets aside any interpretation of a regulation or statute by the Veterans Court that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7292(d)(1)(A) (2006). The Federal Circuit has "jurisdiction under 38 U.S.C. §

7292 to determine whether the Court of Appeals for Veterans Claims misinterpreted our rulings in earlier decisions on an issue of law." *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004). Absent a constitutional issue, however, this court may not review a factual determination or an application of law to fact. *Id.* § 7292(d)(2). Claims of legal error in the decision of the Veterans Court are reviewed without deference. *See Meeks v. West*, 216 F.3d 1363, 1366 (Fed. Cir. 2000).

## III.

The VA regulations governing TDIU provide:

Total disability ratings for compensation may be assigned, where the [veteran's] schedular rating is less than total, when the disabled person is . . . unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities: Provided That, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and . . . the combined rating [shall be] 70 percent or more."

38 C.F.R. § 4.16(a). An injury to different parts of body but having the same etiology is "considered as one disability" for purposes of meeting the schedular ratings requirements. *Id.* Additionally, the VA has discretion to award TDIU even if the veteran does not meet the schedular requirements in § 4.16(a) if unique facts make it appropriate to do so. *See* § 4.16(b). To receive a TDIU award, the veteran must show that his inability to maintain substantially gainful employment is caused by his service-connected disabilities. *See* § 4.16(a).

The VA and the Board must "consider whether a TDIU award is warranted whenever a *pro se* claimant seeks a higher disability rating and submits cogent evidence of unemployability, regardless of whether he states specifically that he is seeking TDIU benefits." *Comer v. Peake*, 552 F.3d 1362, 1366 (Fed. Cir. 2009). This requirement is part of the VA's duty "to fully and sympathetically develop a veteran's claim to its optimum before deciding it on the merits." *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001) (quotation and citation omitted). This case asks whether this court's holdings in *Roberson* and *Comer* require the VA to consider an implied TDIU claim based on one disability when the veteran already has a pending TDIU claim that encompasses all of his service-connected disabilities.

The agency of original jurisdiction, in most cases the RO, initially decides a claim for disability benefits, including a claim for a higher disability rating or TDIU. *See Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 327 F.3d 1339, 1342 (Fed. Cir. 2003). A claimant may appeal an adverse decision to the Secretary of Veterans Affairs. 38 U.S.C. § 7104(a). "[T]he Board acts on behalf of the Secretary in making the ultimate decision on claims and provides 'one review on appeal to the Secretary,'" as required by statute. *Disabled Am. Veterans*, 327 F.3d at 1347 (quoting 38 U.S.C. § 7104(a)). The Board may not address an issue until the agency of original jurisdiction makes an initial determination of the claim, because doing so would deprive the veteran of the statutory right to "one review on appeal to the Secretary." *See id.* Thus, when the RO has not made a final decision on a veteran's TDIU claims—whether express or implied—those claims are not ripe for adjudication by the Board. *See Roberson*, 251 F.3d at 1383 (discussing *Norris v. West*, 12 Vet. App. 413, 422 (1999)).

Mr. Sturdivant argues that he has two separate TDIU claims: 1) the 2003 TDIU claim based on all of his service-connected disabilities, and 2) an implied TDIU claim based solely on his chemical burn scars that the VA should have recognized and adjudicated when his schedular rating for that disability reached the sixty percent threshold set by 38 C.F.R. § 4.16(a). According to Mr. Sturdivant, his implied TDIU claim—if granted—is entitled to an effective date in August 2000, corresponding to the effective date of his original claim for benefits based on his chemical burn disability. Mr. Sturdivant believes that the VA would accord a later effective date to any TDIU benefits awarded based on his express 2003 TDIU claim.

Government counsel assured this court at oral argument that, if Mr. Sturdivant proves he is entitled to TDIU benefits on appeal of the RO's Supplemental Statement of the Case dated July 18, 2011, he can also obtain the August 2000 effective date he seeks by showing he is entitled to TDIU benefits based solely on his chemical burn disability.[2] This policy would be consistent with the VA's policy to maximize the benefits accorded a veteran. *See* 38 C.F.R. § 3.103(a) (2010) ("it is the obligation of VA to assist a claimant in developing the facts pertinent to the claim and to render a decision which grants every benefit that can be supported in law"); *see also Buie v.*

---

[2] Oral Argument at 18:40, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/2011-7001/all (The Court: "All of that [the claim for TDIU based solely on chemical burn scars] is embedded in the 2011 appeal? Government Counsel: "That's correct." The Court: "He can get full relief if he prevails on the 2011 appeal?" Government Counsel: "He can get all he is entitled to in the 2011 appeal." The Court: "All the way back to the date he wants, which is 2000, approximately?" Government Counsel: "Yes.")

*Shinseki*, 24 Vet. App. 242, 250 (2011).  In evaluating a TDIU claim for a veteran with multiple disabilities, the VA should identify the earliest effective date for TDIU to which the veteran is entitled consistent with the disability(ies) that render him or her unable to secure or follow a substantially gainful occupation.

*Roberson* and *Comer* do not require the VA to make a final decision on TDIU each time its quantitative ratings decision on a veteran's disability(ies) reaches the schedular threshold of 38 C.F.R. § 4.16(a), provided that the veteran has a TDIU claim pending adjudication.  This court has previously "recognized that the unique statutory process of adjudication through which veterans seek benefits may necessarily require that the different issues or claims of a case be resolved at different times, both by the agency of original jurisdiction and on appeal." *Elkins v. Gober*, 229 F.3d 1369, 1375 (Fed. Cir. 2000).  This flexible system benefits veterans by permitting adjudication of issues as they become ripe while allowing the VA time to appropriately develop other issues or claims.

Here, interests of judicial economy strongly favor the VA considering Mr. Sturdivant's claims for TDIU in a single decision.  It would be needlessly duplicative for the RO, Board, and—if necessary—the Veterans Court and this court to determine whether Mr. Sturdivant is entitled to TDIU benefits based solely on his chemical burn scars and then separately determine whether he is entitled to TDIU based on his combined disabilities under his 2003 TDIU claim.  If Mr. Sturdivant qualifies for TDIU based solely on his chemical burns, he would not receive any further benefit by qualifying for TDIU based on additional disabilities.  And, if Mr. Sturdivant does not qualify for TDIU when all of his disabilities are considered, it is clear he would not qualify for TDIU based on chemical burns alone.

In sum, because Mr. Sturdivant had a claim for TDIU pending at the RO, that issue was not yet ripe for review by the Board when it considered Mr. Sturdivant's appeal of the rating for his chemical burn disability. Because this court affirms the holding of the Veterans Court on the basis that the TDIU claim was not before the Board, this court offers no opinion on the Veterans Court's determination that Mr. Sturdivant had not submitted cogent evidence of unemployability due solely to his chemical burn scars. *See Sturdivant*, 2010 WL 2595178, at *4.

For the reasons set forth above, the judgment of the Veterans Court is

## AFFIRMED

No costs.