NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RICHARD L. SUDRANSKI,**

*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

_____

2017-1091

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1312, Judge William Greenberg.

_____

Decided: April 10, 2017

_____

RICHARD L. SUDRANSKI, Roanoke, VA, pro se.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before WALLACH, CLEVENGER, and SCHALL,
*Circuit Judges.*

PER CURIAM.

The instant appeal concerns whether a clear and unmistakable error undermines a service-connected disability rating granted to Appellant Richard L. Sudranski by the U.S. Department of Veterans Affairs ("the VA") in 1986. The VA's Board of Veterans Appeals ("the Board") determined that its prior decision granting the rating did not contain a clear and unmistakable error, *see* Appellee's Separate App. 19; *see id.* at 17–27, and the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirmed, *see Sudranski v. McDonald*, No. 15-1312, 2016 WL 4467919, at *1 (Vet. App. Aug. 24, 2016). Because we lack subject matter jurisdiction over the issues that Mr. Sudranski raises, we dismiss.

## BACKGROUND

Mr. Sudranski has sought various disability benefits from the VA for nearly forty years, a pursuit that has produced voluminous records and numerous decisions from our court and other adjudicative bodies. We recite only those facts necessary to resolve the issues before us.

Mr. Sudranski served on active duty in the U.S. Navy from 1969 to 1971, and he served as a reservist prior to that time. Beginning in 1977, Mr. Sudranski sought service-connected disability benefits for various psychiatric disorders.[1] The Board issued a decision in 1986 that

_____

[1]    A "service-connected disability" generally means a disability incurred or aggravated while on active duty. *See, e.g.*, *Shedden v. Principi*, 381 F.3d 1163, 1166 (Fed. Cir. 2004).

granted Mr. Sudranski a disability rating of fifty percent for agitated depression with paranoid ideation. Appellee's Separate App. 37; *see id.* at 28–38. The Board referred the case to the VA for further review of Mr. Sudranski's claim for a total disability rating based on individual unemployability ("TDIU").[2] *Id.* at 38.

After additional proceedings before the VA, the Board in 1990 increased Mr. Sudranski's disability rating to 100% with an effective date of January 1986, *id.* at 62, but denied his claim for a TDIU effective before January 1986, *id.* at 62; *see id.* at 48–63. Mr. Sudranski did not prevail in subsequent appeals of the Board's 1990 decision.

After Mr. Sudranski unsuccessfully appealed the Board's 1990 decision, he filed three motions to revise the Board's 1986 decision to obtain a higher disability rating with an earlier effective date, each time alleging that the disputed decision contained clear and unmistakable errors.[3] The Board dismissed Mr. Sudranski's first mo-

---

[2] The VA generally undertakes a TDIU rating when a veteran demonstrates an inability to maintain substantially gainful employment as a result of a service-connected disability. *See, e.g.*, *Sturdivant v. Shinseki*, 480 F. App'x 992, 995 (Fed. Cir. 2012).

[3] A decision by the VA or the Board that has become final generally may not be revised absent a clear and unmistakable error. *See* 38 U.S.C. §§ 5109A(a), 7111 (2012). A "clear and unmistakable error" arises when a veteran satisfies two conditions "based on the record and the law that existed at the time of the prior adjudication." *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008) (citation omitted). The veteran must show that (1) "the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied,"

tion. On his second motion, we agreed with the Veterans Court and the Board that Mr. Sudranski failed to demonstrate that the decision contained such an error. *See Sudranski v. Shinseki,* 423 F. App'x 983, 984 (Fed. Cir. 2011).

In 2011, Mr. Sudranski filed his third motion to revise the Board's 1986 decision, Appellee's Separate App. 81, and that request forms the basis of the instant appeal. Mr. Sudranski alleged that the record had not contained all of the relevant facts and that the Board otherwise had failed to consider all of the relevant record facts. *See, e.g., id.* at 118–19. He also alleged that the Board improperly referred his TDIU matter to the VA. *See id.* at 107.

The Board denied Mr. Sudranski's third motion. The Board held that Mr. Sudranski had not identified any specific missing evidence or articulated an argument as to how the Board had misapplied the law in effect at the time it issued the 1986 decision. *See id.* at 23–24. The Board also rejected Mr. Sudranski's argument that it had erred in referring the TDIU issue to the VA. *See id.* at 24.

Mr. Sudranski appealed to the Veterans Court, which affirmed the Board. Although the Veterans Court "would have weighed the evidence differently in 1986" because "[t]he record is replete with evidence reflecting that [Mr. Sudranski] should have been entitled to a disability rating greater than 50%," *Sudranski,* 2016 WL 4467919, at *5, it determined that the Board properly concluded that its 1986 decision did not contain a clear and unmistakable error, *id.* at *5–6. The Veterans Court also concluded that the Board had properly referred the TDIU issue to the VA. *Id.* at *6. The instant appeal followed.

---

and (2) the failure to consider the correct facts or apply the relevant law correctly was "undebatable" and "manifestly changed the outcome." *Id.* (citation omitted).

DISCUSSION

## I. Subject Matter Jurisdiction

We possess limited subject matter jurisdiction over appeals from the Veterans Court. We may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a legitimate constitutional issue, we lack subject matter jurisdiction over an appeal that raises "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). And in the absence of a legitimate constitutional question, an appeal must present a "non-frivolous legal question." *Beasley v. Shinseki,* 709 F.3d 1154, 1158 (Fed. Cir. 2013).

## II. The Court Lacks Subject Matter Jurisdiction Over Mr. Sudranski's Appeal

Mr. Sudranski's appeal does not involve the interpretation of a statute or regulation, and it does not concern a legitimate constitutional question.[4] Instead, Mr. Sudranski raises a series of arguments related to the Board's 1986 decision that concern the application of law to par-

---

[4]    Mr. Sudranski alleges without support that the Veterans Court and the Board violated certain of his constitutional rights. *See, e.g.*, Appellant's Br. 10, 13, 19, 22. However, neither the Board nor the Veterans Court decided a constitutional question, *see Sudranski,* 2016 WL 4467919, at *5–6; Appellee's Separate App. 17–27, and characterizing unsupported arguments as constitutional does not make them so, *see Helfer v. West,* 174 F.3d 1332, 1335 (Fed. Cir. 1999).

ticular facts, *see generally* Appellant's Br.,[5] and we lack subject matter jurisdiction over those questions, *see* 38 U.S.C. § 7292(d)(2).

For example, Mr. Sudranski contends that the Board's 1986 decision failed to rate his psychiatric symptoms when evaluating his service-connected disability, assigned him an incorrect diagnostic code, and erroneously weighed evidence related to his symptoms. *See* Appellant's Br. 11–17. However, an allegation that certain evidence would produce a different disability rating raises a "pure question of fact" that we may not review. *Ortiz v. Shinseki*, 427 F. App'x 889, 891 (Fed. Cir. 2011). Similarly, challenges to the nature and classification of a diagnosis necessarily rest upon factual issues that we may not address. *See Rivers v. Mansfield*, 259 F. App'x 318, 320 (Fed. Cir. 2007) ("The decision to classify a veteran's condition under any particular diagnostic code, however, is a question of fact beyond the reach of our jurisdiction."). And "[w]e lack jurisdiction to reweigh the evidence considered by the Board." *Thompson v. McDonald*, 580 F. App'x 901, 906 (Fed. Cir. 2014).

Mr. Sudranski's remaining arguments similarly fail to present a non-frivolous legal question. Mr. Sudranski alleges that the Board issued a decision in 1982 describing his psychiatric disability that the Board failed to follow in its 1986 decision, thereby offending the principle of res judicata. *See* Appellant's Br. 4–11. The relevant Board decision in 1982 addressed Mr. Sudranski's service connection, not the nature and classification of his disability, the latter of which forms the basis of the dispute here. *See* Appellee's Separate App. 39–43; *see also id.* at 118–19

---

[5]  Mr. Sudranski submitted a supplement to his informal brief that contains all of his arguments. For ease of reference, we treat and otherwise cite to his supplement as his brief.

(where Mr. Sudranski contests, inter alia, the classification of his psychiatric disorder). Because res judicata applies only when a prior decision decided "the very same claim," *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (internal quotation marks and citation omitted), Mr. Sudranski's res judicata arguments are inapposite.

Mr. Sudranski next avers that the Board legally erred in its 1986 decision when it referred his TDIU claim to the VA. *See* Appellant's Br. 17–24; *see also id.* at 24–28 (raising related arguments). We previously considered that argument and rejected it. *See Sudranski*, 423 F. App'x at 988 (finding "no error" in the Board's decision to refer the TDIU issue to the VA). We see no reason to reach a different conclusion now.

Finally, Mr. Sudranski raises other arguments not discussed above. *See generally* Appellant's Br. We considered them against the entire record and found them unpersuasive.

## CONCLUSION

It is unfortunate that Mr. Sudranski has not obtained the disability benefits that he may deserve. *Sudranski*, 2016 WL 4467919, at *5 (explaining that it would have weighed the evidence differently had it decided Mr. Sudranski's claims in 1986). However, unless and until Congress changes our subject matter jurisdiction over appeals from the Veterans Court, we may not consider whether a veteran deserves relief when an appeal presents arguments like those Mr. Sudranski raises here. 38 U.S.C. § 7292(d)(2). Accordingly, Mr. Sudranski's appeal from the U.S. Court of Appeals for Veterans Claims is

## DISMISSED

### COSTS

No Costs.