### VICTOR TALKING MACH. CO. v. GEORGE.
### No. 6932.

Circuit Court of Appeals, Third Circuit.
July 14, 1939.

Isaac D. Levy, of Philadelphia, Pa., Lawrence B. Morris and Floyd H. Bradley, both of Camden, N. J., David Mackay, of New York City, Louis Levinson, of Philadelphia, Pa., and Samuel·H. Richards, and Louis B. LeDuc, both of Camden, N. J., for appellant.

James Mercer Davis, of Camden, N. J. (I. C. Davis, Jr., of Norfolk, Va., and Robert L. Nase, of Flushing, N. Y., of counsel), for appellee.

Before MARIS, BIDDLE, and BUFFINGTON, Circuit Judges.

MARIS, Circuit Judge.

In his bill filed in the District Court for the District of New Jersey seeking an injunction and accounting, David Graves George, the plaintiff, alleged that Victor Talking Machine Company, the defendant, had infringed his common law rights in the words of the song "The Wreck of the Old 97," which he claimed had been composed by him and reproduced by the defendant upon one of its phonograph records. The defendant denied that the plaintiff was the author of the song. The District Court found that he was its author, and by decree entered March 31, 1933, enjoined its further use by the defendant and directed an accounting for profits. Forty-eight days after that decree the defendant appealed to this court. The plaintiff argued that the appeal should be dismissed because it was from an interlocutory decree and was not taken within thirty days. This court overruled that contention, holding that the decree was final, and on the merits held that the District Court had erred in its finding that the plaintiff was the author of the song, and reversed its decree. 3 Cir., 69 F.2d 871. The Supreme Court allowed certiorari, 293 U.S. 544, 55 S.Ct. 82, 79 L.Ed. 649, solely upon the jurisdictional issue and ruled that the decree of the District Court was interlocutory, and that, since the appeal had been taken more than thirty days after its entry, this court was without jurisdiction. It, therefore, reversed our decree and remanded the cause with directions to dismiss the appeal. 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439. The case thereupon proceeded to an accounting in the District Court. The District Court in a final decree entered September 15, 1938, incorporated the rulings of the interlocutory decree of March 31, 1933, by reference, and awarded the plaintiff $65,295.56 with interest. The present appeal is from the final decree.

The defendant assigns as error the finding that the plaintiff is the author of the song as well as the determination of the amount due him upon the accounting. The plaintiff argues that so much of the appeal as relates to the adjudication of defendant's liability, the subject matter of the interlocutory decree, should be dismissed. He contends that since the defendant could have appealed from the trial court's finding on this subject as embodied in the interlocutory decree and did not do so within the thirty days allowed by statute for such an appeal it is precluded from raising those issues upon this appeal from the final decree. The question thus raised depends for its answer upon the construction to be placed upon Sec. 129 of the Judicial Code, 28 U.S.C. § 227, 28 U.S.C.A. § 227, which authorizes appeals from interlocutory decrees granting injunctions. The section provides: "Where, upon a hearing in a district court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is re-

fused, or an interlocutory order or decree is made appointing a receiver, or refusing an order to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder, an appeal may be taken from such interlocutory order or decree to the circuit court of appeals; and sections 346 and 347 of this title shall apply to such cases in the circuit courts of appeals as to other cases therein. The appeal to the circuit court of appeals must be applied for within thirty days from the entry of such order or decree, and shall take precedence in the appellate court; and the proceedings in other respects in the district court shall not be stayed during the pendency of such appeal unless otherwise ordered by the court, or the appellate court, or a judge thereof. The district court, may, in its discretion, require an additional bond as a condition of the appeal."

The language of the statute is not ambiguous. A party, feeling himself aggrieved by an interlocutory decree of the kind mentioned, is given the right to appeal without awaiting a final decree, upon condition that he take his appeal within thirty days. The statute, however, does not require an aggrieved party to take such an appeal in order to protect his rights, and, where it is not taken, does not impair or abridge in any way the previously existing right upon appeal from the final decree to challenge the validity of the prior interlocutory decree. The aggrieved party may, therefore, await the final determination of the case and upon appeal therefrom raise all questions involved in the case. A. & R. Realty Co. v. Northwestern Mut. Life Ins. Co., 8 Cir., 95 F.2d 703. All interlocutory orders and decrees from which no appeal has been taken are merged in the final decree. Hamilton-Brown Shoe Co. v. Wolf Brothers & Co., 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629; Individual Drinking Cup Co. v. Errett, 2 Cir., 297 F. 733; Western Union Telegraph Co. v. United States & Mexican Trust Co. et al., 8 Cir., 221 F. 545; Nashville Syrup Co. v. Coca Cola Co., 6 Cir., 215 F. 527, Ann.Cas. 1915B, 358. We conclude that upon this appeal from the final decree we have jurisdiction to review the question of the defendant's liability as well as the questions raised by the accounting.

Upon reviewing the entire record of the case we see no reason for departing from our conclusion on the merits of the controversy as to the authorship of the song set forth in our previous opinion. 3 Cir., 69 F.2d 871. After a careful review of the testimony and the documentary evidence we reached the conclusion that the evidence established beyond question that the plaintiff was not the author of the song and that the District Court erred in finding that he was its author and holding the defendant liable to account to him for its use. For the reasons fully set forth in that opinion the decree of the District Court is

Reversed.