# United States Court of Appeals for the Federal Circuit

05-7022

THOMAS L. BINGHAM,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Barbara J. Cook, of Cincinnati, Ohio, argued for claimant-appellant.

Paul R. Wellons, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Kathryn A. Bleecker, Assistant Director. Of counsel on the brief was Richard J. Hipolit, Assistant General Counsel, and Michelle D. Bernstein, Attorney, United States Department of Veterans Affairs, of Washington, DC. Also, of counsel were Lisa Donis and Jamie L. Mueller, Attorneys.

Appealed from: United States Court of Appeals for Veterans Claims

Retired Chief Judge Kenneth B. Kramer

# United States Court of Appeals for the Federal Circuit

05-7022

THOMAS L. BINGHAM,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: August 29, 2005

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN, and LOURIE, <u>Circuit Judges</u>.

LOURIE, <u>Circuit Judge</u>.

Thomas L. Bingham appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") sustaining the denial by the Board of Veterans' Appeals ("Board") of an earlier effective date for his service-connected hearing loss. <u>Bingham v. Principi</u>, No. 01-1865 (Vet. App. Aug. 27, 2004) ("<u>Decision on Appeal</u>"). We affirm.

## BACKGROUND

Bingham, a World War II veteran, filed a claim in 1949 seeking service connection for hearing loss. In a 1950 decision, the Board denied service connection on the basis that the claimed disability had existed prior to, and had not been aggravated during, active service. Bingham continued to pursue his claim, and, in

2000, the Board finally granted service connection on a presumptive eligibility[1] basis. In implementing the Board's decision, a Department of Veterans Affairs ("VA") regional office assigned a 100% disability rating, and, construing a 1991 letter from Bingham as a request to reopen a previously-denied claim, assigned a 1991 effective date.[2] Bingham contested the effective date thus assigned, which the Board sustained.

Bingham thereafter appealed to the Veterans Court, arguing that the effective date should have related back to when he filed his claim in 1949.[3] Alleging that his 1949 claim was not evaluated for presumptive eligibility until 2000, Bingham insisted that his "1949 claim for service connection on a theory of presumptive eligibility [had] remained open" until then. Decision on Appeal, slip op. at 6 (internal quotation marks omitted). A three-judge panel of the Veterans Court disagreed, and affirmed the Board's denial of an earlier effective date. Recognizing that the 1950 Board decision was a final adjudication of Bingham's 1949 claim, the Veterans Court ruled that the 1950 Board's purported failure to consider presumptive eligibility in denying his 1949 claim did not leave that claim open until presumptive eligibility was finally addressed in the 2000 Board decision.

---

[1] Service connection may be established by "affirmatively showing inception or aggravation during service [i.e., 'direct' eligibility] or through the application of statutory presumptions [i.e., 'presumptive' eligibility]." 38 C.F.R. § 3.303(a) (2005).

[2] For a claim reopened after final adjudication, the effective date for the grant of service connection "shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a) (2000).

[3] Bingham "made it clear" to the Veterans Court that his appeal was not predicated upon an allegation of "clear and unmistakable error" under 38 U.S.C. § 7111 (2000). Decision on Appeal, slip op. at 9. The Veterans Court was also presented with an alternative argument, which, not having been renewed in the instant appeal, we need not consider.

This appeal followed. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

We have limited jurisdiction to review a decision of the Veterans Court. Although we cannot, absent a constitutional issue, review factual findings or the application of law to fact, see 38 U.S.C. § 7292(d)(2) (2000), we may review the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2000). Such legal determinations of the Veterans Court are reviewed without deference. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991).

On appeal, Bingham faults the Veterans Court for equating what he views to be an "incompletely adjudicated" claim to one that has been finally adjudicated. Insisting that the Board's failure to consider presumptive eligibility in its 1950 decision was an "incomplete adjudication" that left his 1949 claim open until its 2000 decision, Bingham posits that the Veterans Court erred in treating the 1950 decision as having finally decided his 1949 claim in sustaining the denial of an effective date relating back to 1949. According to Bingham, a purported failure to evaluate a service connection claim under "all applicable law"—e.g., the various theories of entitlement authorized by statute—is a legal error that precludes final adjudication of that claim for the purpose of establishing an effective date under 38 U.S.C. § 5110(a). We disagree.

Bingham's arguments amount to a request for a new exception to the finality of Board decisions. That request has no basis in law. As a general rule, decisions of the Board are final. 38 U.S.C. § 7103(a) (2000). "[W]hen a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon

the same factual basis may not be considered." 38 U.S.C. § 7104(b) (2000). Under the statute, finality attaches once a claim for benefits is disallowed, not when a particular theory is rejected. Because Bingham's 1949 claim was disallowed by the 1950 Board decision, we must reject his argument that the 1950 Board decision was not a final adjudication of his 1949 claim. It was a final adjudication.

"The purpose of the rule of finality is to preclude repetitive and belated readjudication of veterans' benefit claims." Cook v. Principi, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc). There are, however, two statutorily-authorized exceptions to the rule of finality: (1) a claim may be reopened upon presentation of "new and material evidence," 38 U.S.C. § 5108 (2000); and (2) a Board decision is "subject to revision on the grounds of clear and unmistakable error ['CUE']." 38 U.S.C. § 7111(a) (2000). Neither exception has been invoked in the instant appeal.[4]

We cannot create a third exception to the rule of finality in addition to the two expressly created by Congress. See Cook, 318 F.3d at 1339. Just as we have held that "even a proven allegation of 'grave procedural error'" based on the Board's violation of its duty to assist cannot give rise to a judicially-created exception to the rule of finality, Tetro v. Principi, 314 F.3d 1310, 1313 (Fed. Cir. 2003), we similarly cannot recognize an exception based on a purported legal error committed by the Board based on its failure to consider all possible theories that may support a claim. Even if the Board's decision to deny a claim had been based on an incomplete or erroneous analysis of law

---

[4] During oral argument, counsel for Bingham informed us that a separate case premised on CUE was being pursued before the Board, explaining that, due to the allegedly onerous burden of proof required to show CUE, the instant appeal was being pursued as an alternative.

or fact, a conclusion we do not reach in this case, while unfortunate, it still would be an adjudication of that claim to which the rule of finality attaches. Such defective, yet final, decisions may therefore be corrected only through the two statutory exceptions to finality.

Thus, the 1950 Board's alleged failure to consider the theory of presumptive eligibility did not serve to vitiate the finality of its decision to deny Bingham's 1949 claim for service connection. Having styled his belated challenge to that decision as being premised on an issue of law, the sole vehicle in which to properly pursue that challenge is a CUE claim. Similarly, as we recently held in Andrews v. Nicholson, No. 04-7155 (Fed. Cir. Aug. 17, 2005), the VA's failure to consider all aspects of a claim does not render its decision non-final but instead "is properly challenged through a CUE motion." Id., slip op. at 6. As Bingham has assured us that the instant appeal is not premised on CUE, the instant appeal must necessarily fail.

We have considered Bingham's other arguments and conclude that they are either unpersuasive or unnecessary for resolution of this appeal.

## CONCLUSION

Because the Veterans Court did not err in sustaining the Board's denial of an earlier effective date, we accordingly affirm.

## AFFIRMED

05-7022                                   5