KASOLD, Judge,
concurring:
I agree with the majority’s determination that Mr. Gallegos had actual knowledge of the amended provisions of 38 C.F.R. § 3.304(f)(3) and of the kinds of evidence he could present in support of his claim. I also agree with the majority’s determination that the SOC issued to Mr. Gallegos could not provide adequate notice because it did not notify him that he could submit the additional evidence suggested by § 3.304(f)(3). However, as discussed below, I do not believe documents that are part decisional in nature can never provide the advice required by § 3.304(f)(3), and, in this instance, I believe a 2003 Board remand order fulfilled all the substantive advice requirements of § 3.304(f)(3).
Although I generally agree that the advice required by § 3.304(f)(3) is “akin to the notification requirements set forth in the VCAA” (emphasis added), I do not believe the similarity requires the strict application of the holding in Mayfield v. Nicholson, 444 F.3d 1328, 1333 (Fed.Cir.2006)[hereinafter Mayfield II] that a decisional document never can serve to provide the notice required by 38 U.S.C. § 5103(a). Unlike section 5103(a) notice, which is to be provided upon receipt of a completed or substantially completed application, the advice required by § 3.304(f)(3) only needs to be provided before the Secretary denies a claim. It is axiomatic that a claim is not finally denied until a final Board decision is rendered. 38 U.S.C. § 7104; Bingham v. Nicholson, 421 F.3d 1346, 1348-49 (Fed.Cir.2005). This is not to say that the advice required by § 3.304(f)(3) should not be provided at the earliest time and before an initial denial of the claim, but the regulation should not be read to mean that when a mistake is made it cannot be corrected by providing the required advice in a SOC or Board remand order, along with notice that the alternate evidence may yet be submitted, and thereafter followed by another decision on the claim by the agency of original jurisdiction (AOJ). See Prickett v. Nicholson, 20 Vet.App. 370, 377 (2006).
Further, section 5103(a) necessitates “notice” how to substantiate a claim and who should provide what, if anything, see Mayfield II, supra, whereas § 3.304(f)(3) requires the Secretary to “advise” the claimant of alternative sources of evidence. An SOC is, by statute, a statement that provides the claimant 1) a summary of the evidence, 2) a cite to pertinent statutes and regulations and a discussion of how each affected the Secretary’s decision, and 3) a decision on each issue and the reasons for such decision. 38 U.S.C. § 7105(d)(1). Thus, although an SOC is a decisional document, it is also a document that is intended to advise the claimant how regulations and statutes affected the decision. I see no reason why the advice required by § 3.304(f)(3), if erroneously not provided prior to the initial decision on the claim, cannot be provided in the SOC sufficient to satisfy the requirements of that section, when the claimant is further advised that he can still submit the alternate evidence and the matter is readjudicated by the AOJ if and when such evidence is submitted, and I do not believe we should impose a per se rule that the SOC never can suffice to correct a timing error under § 3.304(f)(3).
Similarly, I see no reason why a Board remand order cannot satisfy the content-advice requirements of § 3.304(f)(3), and in this instance, I believe it did so. Specifically, a 2003 Board remand order specifically advised Mr. Gallegos of the forms of *341 alternative evidence that he could submit, and provided the text of and a citation to § 3.304(f)(3). R. at 859-60. It also ordered that the RO “afford the veteran the opportunity to submit any additional evidence in support of his claim for service connection for PTSD,” adding that Mr. Gallegos “is advised that this information is necessary to obtain supportive evidence of the stressful events and that he must be as specific as possible.” R. at 61. The 2003 Board remand order provided all of the advice required by § 3.304(f)(3), and it was followed by continued development of the evidence and another decision. There simply is no reason to issue a per se rule to the effect that documents that are in-part decisional may not also satisfy the advice requirement of § 3.304(f)(3).