NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOE D. HUGHS**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7021

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-1461, Judge William A. Moorman.

---

Decided: February 10, 2011

---

JOE D. HUGHS, Osage City, Kansas, pro se.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

_____

Before LOURIE, BRYSON, and PROST, *Circuit Judges*.

PER CURIAM.

## DECISION

Joe Hughs appeals the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") denying him service connection for injuries related to an initial head injury. *Hughs v. Shinseki*, No. 08-1461 (Vet. App. Aug. 13, 2010). Because his challenges are outside the scope of our jurisdiction, we *dismiss*.

## BACKGROUND

Hughs served on active duty in the U.S. Army from 1972 to 1978. In 1976, Hughs fell from an armored personnel carrier and hit his head against a concrete floor. He was thereafter diagnosed with a mild cerebral concussion. After Hughs left the service, in 1979, he hit his head while diving in a creek and broke his neck.

Hughs filed for disability benefits with a Regional Office of the Department of Veterans Affairs ("DVA") in January 2003, based on head injury residuals. His claim was denied in December 2003 based on the DVA's finding that his head injury residuals were not related to his military service, and he appealed to the Board of Veterans Appeals. In the course of the proceedings before the DVA and the Board of Veterans Appeals, a number of medical reports were submitted, some by Hughs' private physicians and some solicited by the Board of Veterans Appeals. Ultimately, Hughs' claim was denied, and he appealed that decision to the Veterans Court.

The Veterans Court affirmed the decision of the Board of Veterans Appeals. In reaching its conclusion, the Veterans Court rejected Hughs' challenges concerning an

engagement letter written to an independent medical expert and the completeness of the expert's report. Specifically, the court found that the letter of engagement did not direct the independent medical expert to arrive at a particular conclusion. It further found that the opinion of the independent medical expert indicated that he had sufficiently reviewed Hughs' records, and the court refused to re-weigh evidence or assess the credibility of the different medical reports. In addition, the Veterans Court found that the Board of Veterans Appeals had provided an adequate explanation of its reasons for obtaining an opinion from the independent medical expert. Next, the Veterans Court explained that the Board of Veterans Appeals was presumed to have considered the evidence before it, even though it did not address every opinion in the record, and that its treatment of lay evidence was proper.

Hughs timely appealed to this court. Our jurisdiction in appeals from the Veterans Court rests on 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. *See* 38 U.S.C. § 7292. Under section 7292(a), we may review a decision by the Veterans Court with respect to its validity on "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. *Id.* § 7292(d)(2). We review legal determinations without deference. *See Bingham v. Nicholson*, 421 F.3d 1346, 1348 (Fed. Cir. 2005).

Hughs argues that the Veterans Court erred in failing to apply the "Caring for Veterans with Traumatic Brain Injury Act," a bill introduced in Congress to establish the Committee on Care of Veterans with Traumatic Brain Injury. *See* H.R. 1546, 111th Cong. § 2 (2009). Hughs further argues that the Veterans Court did not apply "Veterans Administration rule 309.89" or "VA own mandate, 309.89,"[1] and did not properly consider what constitutes a service connected disability. Hughs then challenges the constitutionality of the proceedings before the Board of Veterans Appeals, arguing that his rights to equal treatment and due process were violated because his wife was not allowed to question the judge during those proceedings, and that he was discriminated against for not being in a war zone when he was injured. Lastly, Hughs challenges various factual determinations.

The government responds by arguing that we lack jurisdiction because Hughs is not challenging the interpretation of a statute or regulation. Specifically, the government argues that the legislation cited by Hughs is not relevant to this case, as it is directed towards establishment of a committee, not to the disposition of individual cases. In addition, the government notes that H.R. 1546 is an unenacted bill, not a statute or a regulation, and thus does not govern the actions of the DVA. The government also argues that, contrary to Hughs' assertions, he is not raising any constitutional issues. The government notes that Hughs did not raise his arguments regarding due process and equal protection before the Veterans Court, where he was represented by counsel. As a result, the government argues that we do not have jurisdiction over Hughs' constitutional challenges and

---

[1] It is unclear to what rule or mandate Hughs is here referring. No such rule appears in his brief before the Veterans Court or in that court's opinion.

that if we do, it should be declined for prudential reasons, that the arguments were waived, and that, on the merits, they fail.

We agree with the government that we do not have jurisdiction over Hughs' appeal. Hughs raises no challenge to the Veterans Court's decision based on its interpretation of a statute or regulation or the validity of any statute or regulation that the court relied upon in making its decision. Hughs' arguments, rather, relate to an unenacted bill; a rule or mandate (309.89), the source of which we are unable to ascertain, but that was not referenced or relied upon by the Veterans Court; constitutional claims that were not raised below; and factual determinations. These challenges do not fall within the scope of 38 U.S.C. § 7292.

Accordingly, we *dismiss* Hughs' appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.