ORDER
PER CURIAM:
In an en banc decision dated October 2, 2009, the Court (1) vacated an April 7, 2004, decision of the Board of Veterans’ Appeals (Board) denying Larry G. Tyrues entitlement to service connection on a presumptive basis under 38 U.S.C. § 1117 for a respiratory or lung condition resulting from an undiagnosed illness incurred in military service in the Persian Gulf and remanded that matter for further proceedings; and (2) dismissed, for lack of jurisdiction, the appeal from a September 29, 1998, Board decision denying Mr. Tyrues service connection for a lung disorder on a direct basis under 38 U.S.C. § 1110.[2] Tyrues v. Shinseki, 23 Vet.App. 166, 179-85 (2009) (en banc). The Court concluded that “a final Board decision denying VA disability compensation based upon direct service connection, while the consideration of benefits based upon presumptive service connection is still under adjudication, constitutes a final decision subject to separate appeal to the Court.” Id. at 176 (discussing Elkins v. Gober, 229. F.3d 1369, 1373-76 (Fed.Cir.2000)). Specifically, as to the 1998 Board decision, the Court held that the decision was “final concerning the issue of section 1110 compensation for direct service connection for a lung disability” and that, “[bjecause the appellant did not file a [Notice of Appeal (NOA) ] within 120 days after VA mailed notice of the Board’s final September 1998 decision, the Court lacks jurisdiction to review the September 1998 Board decision.” Id. at 181 (citing 38 U.S.C. § 7266(a)). Mr. Tyrues appealed that decision to the Federal Circuit.
On February 11, 2011, the Federal Circuit affirmed this Court’s holding that “the September 1998 Board decision was properly dismissed for lack of jurisdiction.” Tyrues v. Shinseki, 631 F.3d 1380 (Fed.Cir.2011). The Federal Circuit agreed that the “non-remanded portion” of the 1998 Board decision was a final decision for the purpose of 38 U.S.C. § 7266(a) and *33 held: “In light of § 7266’s plain language, the policy considerations, and this court’s precedent^] all final decisions, even those appearing as part of a mixed decision [ (i.e., a decision containing remanded and non-remanded portions) ], must be appealed within 120 days from the date of mailing of notice of the decision.” Id. at 1385. Mr. Tyrues filed a petition for writ of certiorari, which the U.S. Supreme Court granted, and the Supreme Court vacated the judgment of the Federal Circuit and remanded the case to the Federal Circuit for further consideration in light of Henderson v. Shinseki, — U.S.-, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011) (Henderson III), which held that the 120-day deadline for filing an appeal with this Court — although an important procedural rule — does not have jurisdictional consequences. Tyrues v. Shinseki, — U.S. -, 132 S.Ct. 75, 181 L.Ed.2d 2 (2011).
In an April 12, 2012, order, the Federal Circuit, in turn, vacated this Court’s judgment and remanded the case “for further proceedings to determine whether the non-jurisdictional nature of the 120-day deadline should lead to a different result.” Tyrues v. Shinseki, 467 Fed.Appx. 889 (Fed.Cir.2012). The Federal Circuit issued mandate on June 4, 2012.
After reviewing the Court’s October 2, 2009, decision, the Court has determined that the nonjurisdictional nature of the 120-day deadline does not lead to a different result. The result reached by the Court was that the 1998 Board decision was a final decision on the matter of entitlement to service connection for a lung disorder on a direct basis under section 1110; and dismissal of that part of the appellant’s April 2004 appeal as to the 1998 Board decision was appropriate because Mr. Tyrues failed to file an NOA within 120 days after the 1998 Board decision was mailed, as required under 38 U.S.C. § 7266(a). Tyrues, 23 Vet.App. at 180-82.
Although the 120-day deadline is no longer jurisdictional, it is an “important procedural rule,” Henderson III, 131 S.Ct. at 1206, and is subject to equitable tolling within the parameters established by the Federal Circuit and this Court prior to Henderson v. Peake, 22 Vet.App. 217 (2008) (Henderson I) (holding that equitable tolling was not for application under any circumstances), aff'd sub nom. Henderson v. Shinseki 589 F.3d 1201 (Fed.Cir.2009) (en banc) (Henderson II), rev’d, — U.S. -, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). Bove v. Shinseki, 25 Vet.App. 136 (2011) (per curiam order) (citing cases).
A review of the docket in this case reveals that Mr. Tyrues filed his appeal in April 2004, prior to Henderson I, which held in 2008 that equitable tolling of the 120-day filing period was not permitted. At the time he filed his briefs with this Court, however, in November 2004 and February 2005, the 120-day period was subject to equitable tolling, yet he presented no argument that the time to file an appeal from the 1998 Board decision should be equitably tolled. Similarly, although Mr. Tyrues was given an opportunity to brief the impact of Henderson III prior to the Federal Circuit’s recent decision remanding this matter to this Court, see Tyrues v. Shinseki, 2010-7011 (Fed. Cir. Mar. 22, 2012) (order), he did not argue that the time to file should be equitably tolled.[3] Rather, throughout this liti *34 gation, Mr. Tyrues has only pursued the argument that VA “incorrectly split [his] singular claim for service-connected lung disorder into two claims based upon differing theories of etiology.” Appellant’s Brief at 9.
As discussed in the Court’s October 2009 decision, the Federal Circuit in Elkins held that, “[b]eeause ... each ‘particular claim for benefits’ may be treated as distinct for jurisdictional purposes, a veteran’s claims may be treated as separable on appeal.” 229 F.3d at 1376. Further, “the unique statutory process of adjudication through which veterans seek benefits may necessarily require that the different issues or claims of a case be resolved at different times, both by the agency of original jurisdiction and on appeal.” Id. at 1375. In recently quoting this conclusion, the Federal Circuit in Sturdivant v. Shinseki, No. 2011-7001, 480 Fed.Appx. 992, 2012 WL 1720380 (Fed.Cir. May 16, 2012) (nonprecedential opinion), explained: “This flexible system benefits veterans by permitting adjudication of issues as they become ripe while allowing the VA time to appropriately develop other issues or claims.” Id. at 996, 2012 WL 1720380, at *3.
Accordingly, because the appellant (1) did not file an NOA within 120 days after VA mailed the Board’s September 1998 decision, (2) filed no asserted appeal for more than 5 years thereafter, and (3) did not assert that the time to file his appeal should be equitably tolled, the Court reaffirms its 2009 decision that any appeal from the September 1988 Board decision was required to have been filed within the 120-day period. See 38 U.S.C. § 7266(a); Elkins, supra.
Upon consideration of the foregoing, it is
ORDERED that this Court’s October 2, 2009, decision dismissing the appeal as to the September 29, 1998, Board decision is MODIFIED, as discussed above, to reflect that (1) the 120-day deadline is nonjuris-dictional but nevertheless an important procedural rule subject to equitable tolling, not argued or warranted in this case; (2) the nonjurisdictional nature of the 120-day rule does not alter the Court’s holding that the 1998 Board decision was final on the matter of entitlement to service connection for a lung disorder on a direct basis under 38 U.S.C. § 1110; and (3) dismissal of the April 2004 appeal as to the 1998 Board decision was appropriate. Judgment on the Court’s October 2, 2009, decision, as MODIFIED, shall enter in accordance with Rule 36 of the Court’s Rules of Practice and Procedure.

. The 1998 Board decision also had remanded to a VA regional office, for further development, the matter of service connection on the presumptive basis that, 5 years later, resulted in the April 2004 Board decision now on appeal.

. The Court takes judicial notice of the parties' pleadings filed in this case at the Federal Circuit. See Cotant v. Principi, 17 Vet.App. 116, 125 (2003) (taking judicial notice of pleadings, including the parties’ arguments regarding legislative and regulatory history, that had been filed in another case pending before the Court).