NEWMAN, Circuit Judge,
dissenting.
This case presents a far-reaching ruling of procedural law specific to veterans’ cases, where a vast agency administers the nation’s laws affecting the population of war veterans.
No aspect of this case offers the “unchallenged clarity” seen by my colleagues. The very nature of Veteran Tyrues’ “claim,” which has been pending since 1995, is the subject of three Veterans Court decisions, two Federal Circuit decisions, and a “grant of certiorari, vacate, and remand” (GVR) from the Supreme Court.
This court today holds that a veteran who is proceeding before a Regional Office and Board of Veterans Appeals (BVA) must take an immediate interlocutory appeal to the Veterans Court whenever the BVA decides part of a claim, even if the BVA remands to the Regional Office on a related aspect of the same claim. This court today holds that unless such partial appeal is taken, the veteran forfeits the right and opportunity to appeal that partially decided aspect or raise that argument after the BVA’s final judgment. This is incorrect procedural law in any context, and is particularly inapt as applied to veterans’ claim procedure. I respectfully dissent.

Veteran Tyrues’pulmonary claim

The procedural facts of this case are as follows: Mr. Tyrues suffers from chronic respiratory symptoms including shortness of breath and severe persistent lung infection. In 1995 he filed a claim for service connected pulmonary disability based on his exposure to dust, fumes, kerosene and other irritants during his service in the Persian Gulf War. The BVA held in 1998 that he had not proven the medical facts of direct service connection under 38 U.S.C. § 1110, and remanded to the Regional Office for determination of whether he met the criteria of 38 U.S.C. § 1117 et seq., which provide a statutory presumption of service connection for Persian Gulf War veterans for “undiagnosed” or “unexplained” disabilities, including “symptoms involving the upper or lower respiratory system.” In accordance with this presumption, signs and symptoms of respiratory illness “shall be considered to have been incurred in or aggravated by service ..., notwithstanding that there is no record of evidence of such illness during the period of such service.” 38 U.S.C. § 1118(a).
In a Board decision dated September 29, 1998, the BVA described the “issue” of Mr. Tyrues’ claim as follows:
ISSUE: Entitlement to service connection for a lung disorder, including service connection for chronic disorder manifested by shortness of breath due to an undiagnosed illness, claimed as secondary to Persian Gulf War service.
1998 Bd. op. at 1. The BVA’s decision separated the issue into two components: entitlement to service-connected lung disorder on a direct basis under § 1110, and entitlement to service-connected respiratory symptoms on a presumptive basis under § 1117. The Board rejected the § 1110 basis, finding “no competent evidence that the veteran currently suffers from a lung disorder,” but remanded to the Regional Office under § 1117, stating that:
As the record stands, it is unclear whether there is medical evidence to support the veteran’s claimed respiratory symptoms or whether any of the symptoms are affiliated with a diagnosed illness.
Id. at 8-9. The Board recommended that Mr. Tyrues undergo additional respiratory examinations on remand.
*1360 Remand proceeded in the VA Regional Office in Montgomery, Alabama. From December 1998 to October 2002 Mr. Tyrues underwent three medical examinations, all focused on his respiratory symptoms as required by the Board. The VA examiners came to three different conclusions: (1) Tyrues “probably has chronic bronchitis, which gets worse when he gets exposed to dust, paint, etc.”; (2) Tyrues suffers from “mild chronic bronchitis with a history of refractory pneumonia [and] shortness of breath due to an undiagnosed illness”; and (3) Tyrues “is allergic to certain paints and vapor and these occasional respiratory symptoms are not related to the exposure of fumes in Gulf War.” Tyrues v. Shinseki, 23 Vet.App. 166, 169-70 (2009).
In 2004 the BVA denied service connection of respiratory symptoms under § 1117. The Board acknowledged that Persian Gulf War veterans receive presumptive service connection for certain “unexplained” or “undiagnosed” chronic disabilities manifesting within the presumptive period, but concluded that Mr. Tyrues’ respiratory problems were not “unexplained.” The Board stated that his symptoms were attributable to “known clinical problems” over the years, including pneumonia, pharyngitis, tonsillitis, bronchitis, and a reaction to inhaling environmental agents, i.e., various etiologieally known lung disorders. 2004 Bd. op. at 11. The Board did not reconcile its 2004 and 1998 determinations.
Mr. Tyrues appealed to the Court of Appeals for Veterans Claims, arguing that he met the preponderance of evidence standard for direct service connection of a lung disorder under § 1110, and alternatively that his evidence established entitlement to the statutory presumption of service connection under § 1117. He also argued that the BVA should not have “sep-arat[ed] his claim for direct service connection for a respiratory disability from his claim for presumptive service connection for a lung disability due to an undiagnosed illness.” Tyrues v. Nicholson, 20 Vet.App. 231, 2005 WL 3157695, at *2 (2005).
The Veterans Court affirmed the BVA’s ruling under § 1117, and dismissed his theory of direct service connection under § 1110 because he did not take an interlocutory appeal of that aspect of the BVA’s 1998 decision within 120 days, citing 38 U.S.C. § 7266(a). The Veterans’ Court held that the 120-day appeal period had run in 1998 as to that theory, and that his appeal as to direct service connection was jurisdietionally barred. Id., at *3.
Mr. Tyrues appealed to this court, and we remanded, Tyrues v. Peake, 273 Fed.Appx. 921, 922 (Fed.Cir.2008) (“Tyrues I ”), based on the government’s stipulation that it would be appropriate to remand in light of the Veterans Court’s holding in Roebuck v. Nicholson, 20 Vet.App. 307 (2006). Roebuck held that when there are two theories of entitlement on a single disability claim, i.e., a direct theory and a presumptive theory, the 120-day appeal period of § 7266 “will not begin to run until the Board has denied all theories in support of the claim that it has identified for consideration.” 20 Vet.App. at 316.
The full seven-judge Veterans Court heard Mr. Tyrues’ case on remand for consideration in light of Roebuck, issuing four opinions. Tyrues v. Shinseki, 23 Vet.App. 166 (2009). The plurality opinion concluded that finality attached to the 1998 BVA decision on the § 1110 direct service connection aspect because Roebuck was either wrong or inapplicable. Id. at 172-76. The other three opinions criticized the plurality’s failure to provide clear guidance, and expressed divergent views, from the view that Mr. Tyrues asserted two “separate and distinct claims,” to the view that Mr. Tyrues asserted one claim with two theories of service connection. Id. at *1361 185-199. The majority affirmed dismissal of the appeal of the § 1110 aspect of Mr. Tyrues’ claim.
Mr. Tyrues again appealed to this court, and we affirmed on the ground that under the “rigid jurisdictional nature of § 7266,” public policy is best served by allowing appeals once the Board makes part of a claim final. Tyrues v. Shinseki, 631 F.3d 1380, 1383 (Fed.Cir.2011) {‘Tyrues II”). This court did not explain why a policy interest in allowing interlocutory appeal in partial decision cases resulted in a rule requiring interlocutory appeal; however, it was clear that we viewed § 7266(a) as jurisdictional. Id. at 1384.
Shortly after our decision in Tyrues II, the Supreme Court ruled that § 7266(a) is not jurisdictional. Henderson v. Shinseki, — U.S.-, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). The Court stated that § 7266(a) is a “claim processing rule” enacted to assist with the “orderly progress of litigation” in veterans cases, and should not be construed to produce harsh and unfair consequences to veterans. Id. at 1203-04. The Court identified the availability of equitable tolling as one of the distinctions between a claim processing rule and a jurisdictional rule. Id. at 1205.
With this guidance, Mr. Tyrues petitioned the Supreme Court for review of our decision in Tyrues II. See Pet’n for Certiorari, 2011 WL 1853076 (May 12, 2011). The question Tyrues posed to the Court did not concern equitable tolling. Rather, Tyrues asked whether a partial decision of the BVA must be immediately appealed “when all theories of entitlement to the benefit sought have not been resolved.” Id., at *10. The petition stated that:
[Ojften there are multiple theories or legal bases to establish entitlement to compensation under what has been described as a confusing tapestry of laws and regulations.... There is no reason for veterans to be required to appeal a final Board decision when an alternative theory of entitlement has not been finally adjudicated by the VA. Whether a veteran is awarded under one theory of entitlement or another, the veteran’s amount of compensation is not affected. It is the degree of disability that dictates the amount of compensation the United States pays for a resulting disability. Thus, the policy consideration should be on the process of determining entitlement and not on compelling appeals which could be mooted by an award under another theory.
Id. Despite Tyrues not mentioning equitable tolling, the Court granted Tyrues’ petition, vacated Tyrues II, and remanded “for further consideration in light of Henderson.” Tyrues v. Shinseki, — U.S. -, 132 S.Ct. 75, 181 L.Ed.2d 2 (2011). The Federal Circuit in turn remanded to the Veterans Court, stating that:
Because the Veterans Court erroneously treated the appeal deadline as jurisdictional, we vacate the Veterans Court’s judgment and remand for further proceedings to determine whether the non-jurisdictional nature of the 120 — day deadline should lead to a different result.
467 Fed.Appx. 889, 890 (Fed.Cir.2012).
On remand, Tyrues argued that the BVA incorrectly split his “singular claim” for service-connected lung disorder into two claims based on different theories of entitlement. He argued that claim splitting for purposes of immediate appeal was unfair and prejudicial to veterans when the remanded portion of the claim is closely related to the decided portion of the claim.
The plurality of the Veterans Court rejected Tyrues’ argument, on the basis that regardless of Henderson, “a veteran’s claims may be treated as separable on appeal.” 26 Vet.App. 31, 34 (citing Elkins *1362 v. Gober, 229 F.3d 1369, 1373-76 (Fed.Cir.2000)). Dissenting judges disputed that Tyrues presented more than one separable claim, and stated that Henderson compels revisiting “the veteran-unfriendly presumption that this [case] provides adequate notice to unrepresented claimants that they must immediately appeal a bifurcated decision or lose their appellate rights.”[1] Id. at 35.
Today my colleagues agree with the Veterans Court plurality that appeal of a bifurcated theory of service connection is forfeited if not appealed separately, within 120 days of the partial decision. This court holds that a veteran cannot await final adjudication of all aspects or theories of his claim before appealing the portion of a decision of the BVA resolving part of the claim. The court does not address Tyrues’ principal argument: that he presented a “singular claim,” inseparable from the remanded issues and evidence. Instead, the court ratifies the unworkable requirement that interlocutory appeal is mandatory when a partial BVA decision is “sufficiently separate from the remand portion.” Maj. op. at 1356.
Today’s decision provides no usable guidance or analysis as to when a BVA ruling is “sufficiently separate” to invoke the adopted rule. Here, Mr. Tyrues has consistently stated that his § 1110 and § 1117 theories are based on the same medical evidence pertaining to the same disability, and constitute a single claim of inextricably intertwined issues and related arguments. This relationship has not been refuted, or even discussed.
The court does not account for the Supreme Court’s guidance in Henderson, that § 7266(a) is intended to “promote the orderly progress of litigation” — not unfairly to remove unrepresented veterans from access to judicial review when they have diligently pursued the remand that could moot any need for appeal. The court’s ruling today contravenes the principles of Henderson. No reason or benefit has been offered to justify this harsh departure from the final judgment rule in rulings of the BVA.

The final judgment rule and interlocutory appeal

Compulsory interlocutory appeal is contrary to the federal rules, and its inflexible adoption is particularly inapt in veterans’ cases, where partial remand from the BVA to the Regional Office is frequent. Under the final judgment rule, interlocutory appeals may be available in certain specified circumstances, but such appeals are generally not available absent certification by the court that there is “no just reason for delay,” a determination that was not made here.
My colleagues state, citing Elkins v. Gober, that this court has “long held that a decision definitively denying certain benefits ... is a ‘final’ decision under section 7266(a).” Maj. op. at 1355-56. Both the Secretary and Mr. Tyrues disagree with this characterization of Elkins. Mr. Tyrues correctly states that Elkins “allow[s]” a veteran to take immediate appeal from a partial decision of the Board when fairness requires, but does not require such appeal if the veteran diligently pursues remand first. Tyrues Br. 17. The Secretary correctly states that this court “did not address in Elkins the issue raised on appeal by Mr. Tyrues” of whether interlocutory appeal of a partial BVA decision should be discretionary rather than mandatory. Gov’t Br. 22 n. 6.
*1363 Mr. Tyrues and the Secretary are correct. In Elkins this court considered the question of whether the Veterans Court must always dispose of all claims or issues presented to it, before the Federal Circuit may exercise appellate jurisdiction under 38 U.S.C. § 7292. 229 F.3d at 1373. We concluded that final decision of all claims or issues is not a requirement for our review under § 7292, for “a litigant’s individual claims for relief may, in certain circumstances, be separable for purposes of appellate review.” Id. We explained that various claims of a veteran’s overall case “may” be treated as distinct for jurisdictional purposes when “it would be unfair to deny the veteran an immediate appeal of a final decision as to one or more of his claims simply because an additional claim- is remanded for further proceedings.” Id. at 1376.
Elkins is firmly rooted in administrative precedent, such as Dewey Electronics Corp. v. United States, 803 F.2d 650, 656 (Fed.Cir.1986). In Dewey the court held that a rule requiring the full and complete decision of the Armed Services Board of Contract Appeals (ASBCA) before permitting appeal would be inconsistent with “the efficiency and flexibility generally associated with administrative proceedings.” The Elkins court held that Dewey “applies with even greater force to veterans cases.” 229 F.3d at 1376.
In Dewey the court stated that interlocutory appeal is permitted, but it did not answer the question here, of whether interlocutory appeal is mandatory. That question was raised and answered in Brownlee v. DynCorp., 349 F.3d 1343 (Fed.Cir.2003). In Brownlee we held that the fact that a party could have appealed a particular decision at an interlocutory stage, did not prohibit the party from raising the issue on appeal of the Board’s final decision. Id. at 1347 (“Allowing the aggrieved party to wait for a truly final judgment before appealing furthers the purposes of ... the doctrine of finality.”). The court cited numerous authorities including Supreme Court and Circuit Court authority. See Brownlee, 349 F.3d at 1348 (citing e.g., Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) and Victor Talking Machine Co. v. George, 105 F.2d 697 (3d Cir.1939)).
Precedent is clear that interlocutory appeal in specified situations “although permitted, is not obligatory.” Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 493 (3rd Cir.1997) (“an interlocutory appeal from a denial of summary judgment on immunity grounds, although permitted, is not obligatory”); Tincher v. Piasecki, 520 F.2d 851, 854 (7th Cir.1975) (“Athough the preliminary injunction was appealable as of right ... the defendants’ failure to appeal did not waive their right to appeal from the final order. An interlocutory appeal is permissive rather than mandatory”); Scarrella v. Midwest Fed. Sav. & Loan, 536 F.2d 1207, 1209 (8th Cir.1976) (“A party is not required to take an interlocutory appeal authorized by statute.”); Bingham Pump Co. v. Edwards, 118 F.2d 338, 339 (9th Cir.1941) (“appellant was not required to [immediately] appeal from the interlocutory decree” holding patent valid and infringed); see generally 16 Charles A. Wright et. al., Fed. Prac. & Proc. Juris. § 3921 n. 27 (2d ed.).
In discussing this pragmatic procedure, the Third Circuit explained that:
A party, feeling himself aggrieved by an interlocutory decree of the kind mentioned, is given the right to appeal without awaiting a final decree, upon condition that he take his appeal within thirty days. [Section 1292], however, does not require an aggrieved party to take such an appeal in order to protect his rights, and, where it is not taken, does not *1364 impair or abridge in any way the previously existing right upon appeal from the final decree to challenge the validity of the prior interlocutory decree. The aggrieved party may, therefore, await the final determination of the case and upon appeal therefrom raise all questions involved in the case.
Victor Talking Machine, 105 F.2d at 699. As discussed in Elkins, this reasoning applies with even greater force in the context of veterans’ adjudication. Elkins, 229 F.3d at 1876; see Henderson, 131 S.Ct. at 1206.
Elkins did not hold that any aspect decided by the BVA, among multiple claims or issues, must be immediately appealed to the court although other aspects were remanded to the Regional Office. We observed rather that veterans are entitled to the “flexibility generally associated with administrative proceedings” as opposed to the rules of appeal from district courts where multiple claims “must be tried together and appealed all at once” except in the specific circumstances of Rule 54(b). Elkins, 229 F.3d at 1375. These principles appeared in the administrative context in Brownlee.
The majority rejects the applicability of Brownlee in the veterans context, on the basis that the appeal statute in ASBCA cases states that a contractor “may” appeal an adverse decision within 120 days, whereas the veterans’ appeal statute § 7266(a) states that the veteran “shall” appeal “a final decision” of the Board within 120 days. Maj. op. at 1357-58. The distinction the majority draws is not in alignment with general federal practice, see Brownlee, 349 F.3d at 1348 nn. 2, 3. Mandatory interlocutory appeal is not required in any statute or rule. The Supreme Court permits discretionary interlocutory appeal under 28 U.S.C. § 1257 despite the requirement that review “shall” be applied for within ninety days after final judgment. See id. at 1348 (citing Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) and 28 U.S.C. § 2101(c)). And the Circuit Courts of Appeal generally permit discretionary interlocutory appeal under 28 U.S.C. § 1292 despite the requirement that appeal “must” be filed within 30 days of entry of the judgment or order appealed from. See 349 F.3d at 1348 (citing Victor Talking Machine, 105 F.2d at 697) and Fed. R.App. P. 4(a)(1)(A).
The majority also proposes to distinguish Brownlee on the theory that it “did not involve ... a completed adjudication of a particular claim for relief, but only separation of liability and quantification determinations.” Maj. op. at 1358. However, neither did Mr. Tyrues receive a completed adjudication of his claim, for he received only a partial decision based on one theory of relief under § 1110, while his other theory of relief under § 1117 was remanded for development on related or identical evidence involving the same respiratory illness.
The rule set forth today simply requires satellite litigation of “sufficiently separable” issues, with no discernible guidance or benefit.

Veteran Tyrues presents only one claim for service connection

The majority does not explain what constitutes a “sufficiently separate” decision to warrant mandatory interlocutory appeal, while it is clear that one aspect of the same claim should not require immediate separate appeal. This was the subject of this court’s remand for consideration in light of Roebuck. In Roebuck, the Veterans Court held that
3. Requirements of a Notice of Appeal when the Board Bifurcates a Claim
Pursuant to 38 U.S.C. § 7266, an appeal to this Court is commenced by the filing *1365 of a Notice of Appeal within 120 days of a final Board decision. We hold that when a claimant raises more than one theory in support of a claim during the time while that claim is still pending before VA, if the Board bifurcates those theories or arguments and addresses them in separate decisions, the time for appeal is not ripe until the Board issues a final decision denying all theories. Under those circumstances, the 120-day requirement for filing a Notice of Appeal will not begin to run until the Board has denied all theories in support of the claim that it has identified for consideration. The final resolution of a veteran’s claim may be disserved by requiring the veteran to immediately appeal part of the BVA’s decision, although the BVA has remanded to the Regional Office for proceedings on the same claim.
20 Vet.App. at 315-16. I encourage return to this wise ruling, which is well supported by precedent that a veteran with a single disability has only one claim, even if the veteran asserts more than one theory of entitlement to benefits for the disability. See Schroeder v. West, 212 F.3d 1265, 1270 (Fed.Cir.2000) (veteran’s claim for bilateral eye disorder on direct theory of service connection under § 1110 was “same claim” as his claim for service connection on a presumptive theory based on exposure to Agent Orange because both were based on the same disability); Bingham v. Nicholson, 421 F.3d 1346, 1348 (Fed.Cir.2005) (veteran seeking service connection for an ear condition on a direct basis and later on a presumptive basis, did not have two separate claims, but had two separate “theories” of a single claim for benefits); Roebuck, 20 Vet.App. at 313-14 (“although there may be multiple theories or means of establishing entitlement to a benefit for a disability, if the theories all pertain to the same benefit for the same disability, they constitute the same claim.”); Clemons v. Shinseki, 23 Vet.App. 1, 4 (2009) (“multiple medical diagnoses or diagnoses that differ from the claimed condition do not necessarily represent wholly separate claims”).
The limitation to a single claim for benefits is not inconsistent with the understanding that service connection for certain disorders can be either direct or presumptive. Combee v. Brown, 34 F.3d 1039, 1043 (Fed.Cir.1994). The veteran need only demonstrate one theory of service connection to have a “well-grounded claim.” Schroeder, 212 F.3d at 1270-71. The BVA’s 1998 ruling that Mr. Tyrues had not proven direct service connection by a preponderance of evidence was not a complete and final adjudication of his claim for a service connected lung disorder, because respiratory symptoms of Persian Gulf Syndrome are the subject of a statutory presumption of service connection. His assertion of either or both direct and presumptive theories of service connection is a claim for the same disorder. See Bingham, 421 F.3d at 1348 (separate theories are not separate claims). A ruling as to one theory accompanied by remand to resolve a second theory is not a complete adjudication of the claim.
The majority’s position that Mr. Tyrues asserted multiple claims is incorrect. Mr. Tyrues’ claim for lung disorder is the same malady for both of his theories of service connection; the only difference is the nature and burden of proof. On the theory of direct service connection, he has the burden of showing service connection by a preponderance of the evidence; on the theory of presumptive service connection, he has to show entitlement to the statutory presumption. Tyrues points out that all of the medical evidence adduced on remand related to the illness of his lungs under both theories.

*1366
Rule 54(b), even if viewed as applicable to BVA appeals, was not satisfied

The majority offers analogy to Federal Rule 54(b) in support of its mandatory interlocutory appeal.[2] However, Rule 54(b) requires the tribunal to make express findings of both “finality” of adjudication of a specific issue, and “no just reason for delay” as to that issue. The BVA made no such findings. Rule 54(b), for sound reason, was not relied on by the Veterans Court or the Secretary, for the BVA did not purport to meet the requirements of the Rule.
As stated in Abney v. United States, 431 U.S. 651, 656-57, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), “[t]he general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of nisi pri-us proceedings await their termination by final judgment.” When justice or convenience warrants, shortcuts are available, whether under Rule 54(b) or as discussed in Elkins, supra. Although the panel majority proposes otherwise, prior to Mr. Tyrues’ case the Federal Circuit has never held that a litigant must immediately appeal part of an incomplete decision, or lose the right to appeal that part after final judgment.
The relevant appeal statutes are 38 U.S.C. §§ 7266 and 7252. Section 7266(a) requires veterans to appeal “a final decision” of the BVA within 120 days, and section 7252 grants the Veterans Court jurisdiction to review any “decision” — final or not. The Veterans Court may decline to review partial decisions of the BVA if the appealed issue is “inextricably intertwined” with an undecided issue pending before the Regional Office. Harris v. Derwinski, 1 Vet.App. 180, 183 (1991). None of these authorities requires mandatory interlocutory appeal by the veteran of an aspect of his case while a related aspect is remanded.
Applying Rule 54(b), requirement of explicitly finding “no just reason for delay” is separate from and in addition to issue finality. “Once having found finality, the district court must go on to determine whether there is any just reason for delay.” Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). See iLOR, LLC v. Google, Inc., 550 F.3d 1067, 1072 (Fed.Cir.2008) (“it must be apparent, either from the district court’s order or from the record itself, that there is a sound reason to justify departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment.”).
As explained by Professor Wright, this aspect of Rule 54(b) was added because the previous version of the rule “provided no guidance on what constituted a ‘final order’ so that parties lacked any reliable means of determining whether a particular court order relating to less than all of the claims was appealable.” 10 Fed. Prac. & Proc. Civ. § 2653 (3d ed.). This “no reason for delay” requirement is on point for veterans’ cases, because it “reduces as far as possible the uncertainty and the hazard assumed by a litigant who either does or does not appeal from a [partial] judg *1367 ment.” Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 512, 70 S.Ct. 322, 94 L.Ed. 299 (1950). Application of Rule 54(b) without certification of “no just reason for delay” is improper.
The majority stresses the “finality” of the BVA’s decision of Tyrues’ theory of direct service connection and the BVA’s “unequivocal appealability directives,” maj. op. at 1356. The majority states that the BVA provided “unchallenged clarity” about its intent to render a separately appealable ruling. Id. at 1356. But here the BVA was not unmistakably clear or unequivocal that immediate appeal of the ruling on this theory was essential, lest the theory be forfeited on final judgment. There was no analogy to the “certification” required by Rule 54(b).
The BVA sent Mr. Tyrues generic instructions headed “Notice of Appellate Rights” and “Your Rights to Appeal our Decision.” The instructions were not specific to Mr. Tyrues’ case. The instructions stated that a decision granting “less than the complete benefit ... is appealable to the United States Court of Veterans Appeals within 120 days from the date of mailing of notice of the decision;” that is, that the Veteran has the right to appeal if he receives less than was requested. 1998 Bd. op. at 11 (emphasis added). The instructions stated that the veteran could not appeal a remand because a remand is “in the nature of a preliminary order” and “is not a final decision.” Id. at 12-13.
Although the instructions stated that issues addressed in the BVA’s “Order” section are “final,” that statement was not unmistakably clear in requiring a mandatory immediate appeal. See Kelly v. Lee’s Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1221 (5th Cir.1990) (district court must express the intent to enter a partial final judgment with “unmistakable clarity”). In Mr. Tyrues’ case the issue the BVA decided was on the same respiratory disorder that was remanded. The Board simultaneously stated that there was no competent evidence of a lung disorder, and that “[a]s the record stands, it is unclear whether there is medical evidence to support the veteran’s claimed respiratory symptoms.” 1998 Bd. op. at 7, 9. Still, the majority rules that from these instructions veteran Tyrues would know and should have known that he must immediately appeal the denial of direct service connection, although the Board’s rulings were confusing at best, if not directly inconsistent.
The Veterans Court certainly did not deem Mr. Tyrues’ case one of clear and unequivocal finality by the BVA. See 23 Vet.App. 166 (2009) (four opinions from seven judges); 26 Vet.App. 31, 33 (2012) (three opinions from six judges). All of the Veterans Court judges recognized in their separate opinions that cases such as Roebuck, Maggitt, and Elkins call into question the government’s interpretation of the Board’s instructions to the veteran. E.g., 23 Vet.App. at 174. The Secretary does not have plenary power or statutory authority to determine the appeal requirement for veterans. This departure from standard appellate practice in a manner hostile to veterans’ entitlement to judicial review requires strict scrutiny, not deferential acceptance.
None of the Veterans Court opinions found “clarity” in the BVA’s instructions concerning appeal. All of the judges recognized the complexities involved. See 23 Vet.App. at 179-80 (plurality based on “the totality of the circumstances”); id. at 185-86 (concurring opinion on ground that “what constitutes a ‘claim’ differs depending on what stage in the administrative process one is attempting to define a claim.”); id. at 187-88 (opinion criticizing plurality for interchangeable use of “issue,” “matter,” and “claim” without clear *1368 definition of those terms); id. at 193-94 (dissenting opinion that “a Board decision does not become final until it is ripe for judicial review, regardless of the Board’s desire to wash its hands of a particular theory before the claim has been fully developed and adjudicated”). As explained in a separate opinion on remand:
This case is not about a “mixed decision,” where the Board denies one claim while remanding another. This case is about the finality of a single claim that the Board bifurcates based upon different theories.... The hard question presented by this case is how to handle VA’s practice of bifurcating a single claim and adjudicating different theories separately. That is the question to which the system needs a clear answer.
26 Vet.App. at 35-36 (citations omitted).
I repeat that precedent cannot be reconciled with today’s ruling. In Roebuck the Veterans Court held that “the 120-day requirement for filing a Notice of Appeal will not begin to run until the Board has denied all theories in support of the claim that it has identified for consideration.” 20 Vet.App. at 315-16. In Kirkpatrick v. Nicholson, 417 F.3d 1361, 1365 (Fed.Cir.2005), we explained that a remanded claim for benefits is not a “decision,” let alone a final decision. In Joyce v. Nicholson, 443 F.3d 845, 850 (Fed.Cir.2006), we held that review by the Federal Circuit is unavailable for a portion of a single claim when the remainder of the claim is remanded.
The court’s answer today is neither clear nor correct. The court states that a BVA decision on an issue must be immediately appealed if the BVA ruling is “definitive and sufficiently separate from a remand portion,” maj. op. at 1356, but my colleagues provide no guidance as to what this means. Here, the 1998 BVA decision was not “definitive” of Mr. Tyrues’ respiratory claim, nor was it separate from the remand portion, which also addressed his respiratory symptoms. The appropriateness and utility of an interlocutory appeal[3] depends on the particular situation. For example, if the Regional Office had found on remand that Tyrues is entitled to the statutory presumption of service connection, that would have resolved his claim, and the now-required interlocutory appeal would be unnecessary. Tyrues explains the practical consequences:
a favorable finding on the theory/claim for undiagnosed lung disorder would have a substantial impact on the diagnosed lung disorder theory/claim, most likely rendering it moot.... As for medical development of the claim, one pulmonary specialist could have addressed both theories.
Tyrues Br. at 14-15 (emphases original).
Under this rule, veterans will be forced to incur the time and expense of appealing every partial decision of the BVA to preserve rights, even if such decision would be mooted by the remand aspect. The court’s ruling will be of wide impact, for the BVA not infrequently remands aspects of a *1369 claim to the Regional Office while disposing of other aspects. Today’s requirement of immediate partial appeal serves neither efficiency nor fairness, while adding complexity and cost and time to determination of veterans’ concerns.
I take note of the majority’s proposal that a mandatory immediate partial appeal is beneficial to the veteran because it “enables” the veteran to appeal. Maj. op. at 1356-57. However, Elkins already provides the veteran with the right and opportunity to appeal. See Elkins, 229 F.3d at 1376 (“each ‘particular claim for benefits’ may be treated as distinct for jurisdictional purposes”). This case is about the requirement to immediately appeal an aspect of a claim, not the ability or authorization to immediately appeal such aspect.
The majority’s holding that because a veteran may appeal from a partial BVA decision, he must immediately appeal, is not consistent with the policy embodied in the veterans’ statutes, as reiterated by the Court in Henderson, 131 S.Ct. at 1206, that “We have long applied the canon that provisions for benefits to members of the Armed Services are to be construed in the beneficiaries’ favor.”

The GVR

Today’s ruling strains the Court’s grant of certiorari and remand of Mr. Tyrues’ appeal. My colleagues set the GVR aside, seeing “no basis for now reaching a different conclusion” from the prior decision, because Mr. Tyrues did not request the remedy of “equitable tolling.” Maj. op. at 1355, 1357-58. However, Henderson is not limited to equitable tolling. The Court’s GVR of Mr. Tyrues’ appeal is not reasonably construed as strictly limited to an argument that was not even included in the Tyrues cert. petition. The GVR requires our consideration of how Henderson relates to the reasoning of Tyrues II. See United States v. Holloway, 630 F.3d 252, 258 (1st Cir.2011) (“A Supreme Court opinion need not be directly on point to undermine one of our opinions.”). Our prior reasoning that Mr. Tyrues’ appeal of his argument for direct service connection was time barred because “Section 7266(a) is mandatory and jurisdictional,” 631 F.3d at 1383, is negated by Henderson.
Mr. Tyrues’ petition for certiorari raised the question of whether he should be required to immediately appeal a partial BVA decision on one of his two theories of service connection for the same disability. The Federal Circuit decision from which he petitioned had inflexibly applied the 120-day appeal period to require interlocutory appeal of a partial ruling on Mr. Tyrues’ claim. The court today again imposes the 120-day time limit for the direct service connection aspect, and holds that Mr. Tyrues forfeited appeal of this aspect, although another theory of service connection for the same disability was remanded for development by the Regional Office. The consequences are as unfair as they are inefficient, warranting at least this court’s discussion of its rejection of the equitable principles of Henderson.
This court compounds the inequity, for even as my colleagues rule that veterans must pursue the partial appeal or forfeit the issue, “the Veterans Court may decline to review the [partial] decision.” Maj. op. at 1356 (citing Harris, 1 Vet.App. at 183). Thus my colleagues hold that although the veteran must incur the costs and fees and delay of briefing and argument of an interlocutory appeal, the veteran may later learn that the interlocutory appeal is deemed inappropriate by the court and will not be decided.
The premises of this GVR warrant a less severe view of procedures in veteran cases. At least, the veteran should receive as much consideration as does the government. For example, in Bingham the government took the opposite position from *1370 that which it argues here, arguing that direct and presumptive service connection “are two theories by which service connection can be proven ... not two separate claims upon which an effective date must be based.” Bingham, Gov’t Br., 2005 WL 1250863, at *9. The Federal Circuit adopted that view, 421 F.3d at 1348, in conflict with today’s ruling.
Today’s ruling contravenes the Court’s advice to apply § 7266(a) as neither mandatory nor jurisdictional, and to assure orderly litigation procedures, avoiding harsh or unfair consequences to veterans. Henderson, 131 S.Ct. at 1204. From my colleague’s ruling that the veteran must take an interlocutory appeal or forfeit appeal of that aspect, I respectfully dissent.

. Prior to 2006, Veterans were substantially restricted from obtaining legal representation at the BVA stage, adding to the inequity of charging the veteran with knowledge of this illogical and prejudicial requirement.

. Rule 54(b). Judgment on Multiple Claims or Involving Multiple Parties.
When an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

. The panel majority objects to the usage "interlocutory,” arguing that a partial decision of a veteran's single claim is "a final decision” and "not an interlocutory decision” although the entire claim is remanded for application of a different theory of entitlement. Maj. op. at 1357. However, the standard definition of "interlocutory” is "not constituting a final resolution of the whole controversy.” Black’s Law Dictionary (9th ed.2009). Even Rule 54(b), from which the majority draws support, requires final decision of an entire claim, as the Supreme Court has explained: "Rule 54(b) does not apply to a single claim action.... It is limited expressly to multiple claims actions in which one or more but less than all of the multiple claims have been finally decided and are found otherwise to be ready for appeal.” Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742-43, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).